# Docket No. 23-13843-H

# The United States Court of Appeals For The Eleventh Circuit

## Mark Walters, Appellant

v.

## OpenAI, L.L.C., Appellee

### Appeal from the United States District Court For The Northern District of Georgia
The Hon. Michael L. Brown, District Judge

### Brief of Appellant

John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
[jrm@johnmonroelaw.com](mailto:jrm@johnmonroelaw.com)
(678) 362-7650
Attorney for Appellant

1

**Certificate of Interested Persons**

    Appellant certifies that the following persons are known to Appellant to have an interest in the outcome of this case:

Brown, Michael L., The Hon.

Bussey-Garza, Marie, Esq.

Carr, Ashley Allen, Esq.

DLA Piper

Eisentstein, Ilana Hope, Esq.

John Monroe Law, P.C.

Karanjia, Peter, Esq.

Monroe, John R., Esq.

OpenAI, L.L.C.

Tobey, Daniel Lee, Esq.

Walters, Mark

    Appellant further certifies that John Monroe Law, P.C. does not have parents or subsidiaries and it is not publicly traded.

## Statement on Oral Argument

Appellant in this case does not request oral argument. The appeal involves the application of well-established law to an undisputed set of facts. The Court would not be aided by oral argument.

# Table of Contents

**Certificate of Interested Persons**................................................................*2*
**Statement on Oral Argument** ...................................................................3
**Table of Contents** .....................................................................................4
**Table of Citations** ....................................................................................5
**Statement on Jurisdiction** ........................................................................6
**Statement of the Issues**............................................................................7
**Statement of the Case**..............................................................................7
**Statement of the Facts** .............................................................................8
**Statement on the Standard of Review** ....................................................8
**Summary of the Argument**......................................................................9
**Argument and Citations of Authority** ...................................................10
**Conclusion**..............................................................................................11
**Certificate of Compliance** .....................................................................13
**Certificate of Service** .............................................................................14

## Table of Citations

### Cases

*American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999) ............................................................................................................... 10
*Bauknight v. Monroe County Florida,* 446 F.3d. 1327, 1329 (11th Cir. 2006). ............ 8
*Continental Illinois Corp. v. Lewis,* 827 F.2d 1517 (11th Cir. 1987) .............................. 10
*Danley v. Allen,* 480 F.3d 1090, 1092 (11th Cir. 2007) ................................................ 11
*Gilmere v. City of Atlanta,* 931 F.2d 811 (11th Cir. 1991) ............................................. 10
*Legg v. Wyeth,* 428 F.3d 1317 (11th Cir. 2005) ............................................................. 6
*Lewis v. Continental Bank Corp.,* 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ............................................................................................................... 10
*United States v. Gilbert,* 198 F.3d 1293, 1298 (11th Cir. 1999) ..................................... 10

### Statutes

28 U.S.C. § 1332(a) ........................................................................................................ 6
28 U.S.C. § 1447(c) ........................................................................................................ 8

### Rules

F.R.A.P. § 4(a)(1)(A) ...................................................................................................... 6
F.R.A.P. 32(a)(7)(B) ..................................................................................................... 13

### Constitutional Provisions

Second Amendment ................................................................................................. 1, 2

**Statement on Jurisdiction**

The District Court did not have jurisdiction in this case. The case began in state court and Appellee OpenAI, L.L.C. ("OAI") removed the case to the district court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Thereafter, the district court remanded the case to state court when OAI failed to prove diversity. Appellant Mark Walters ("Walters") had moved for an award of costs and attorney's fees for the removal, and in the remand order the district court denied the motion. This court has jurisdiction to consider appeals regarding awards of costs and fees associated with a remand order. *Legg v. Wyeth,* 428 F.3d 1317 (11th Cir. 2005).

The District Court entered its remand and fee denial order on October 25, 2023. Doc. 39. Walters filed his notice of appeal on November 16, 2023. Doc. 41. This appeal is therefore timely. F.R.A.P. § 4(a)(1)(A).

## Statement of the Issues

The District Court erred in failing to provide any reasoning for its denial of costs and fees on remand.

## Statement of the Case

### Nature of the Case

Walters commenced this defamation action in the Superior Court of Gwinnett County, Georgia against OAI after OAI's system known as ChatGPT communicated allegedly libelous statements about Walters to a third party.

### Proceedings Below

OAI removed the case to the district court based on diversity of citizenship. Doc. 1. On August 7, 2023, the district court issued a text-only order to show cause why the case should not be remanded for lack of subject matter jurisdiction because OAI had not adequately shown diversity of citizenship. The district court also ordered Walters to reply to OAI's response to the order.

OAI responded to the order [Doc. 22] and Walters replied [Doc. 23], saying that OAI's response was still inadequate. On September 22, 2023, the district court entered another text-only order, giving OAI one last chance to demonstrate diversity or the case would be remanded. OAI responded by "withdrawing" its notice of removal, saying "OpenAI is not in a position to provide further information beyond its prior filings." Doc. 33. Walters then filed the motion for costs and fees that is at issue in this case. Doc. 34. In the remand order [Doc.

39], the district court addressed the motion for costs and fees in a single sentence: "The Court **DENIES** Plaintiff's Motion for Costs and Attorney's Fees (Dkt. 34)." [Emphasis in original].

## Statement of the Facts

The facts of this case are not germane to the appeal, because the appeal is not based on a decision on the merits. Walters will therefore provide only a brief recitation of the facts. Walters is a natural person who is a resident of Georgia. Doc. 30, ¶ 1. OAI is a Delaware limited liability company headquartered in California. *Id.,* ¶¶ 2-3. OAI has an artificial intelligence platform known as ChatGPT. *Id.,* ¶ 5. On May 4, 2023, a third party (Fred Riehl) had an interaction with ChatGPT that resulted in ChatGPT making allegedly defamatory statements about Walters to Riehl. *Id.,* ¶¶ 8-52.

## Statement on the Standard of Review

The standard of review for denial of a costs and fees under 28 U.S.C. § 1447(c) is abuse of discretion. *Bauknight v. Monroe County Florida,* 446 F.3d. 1327, 1329 (11th Cir. 2006).

## **Summary of the Argument**

The district court failed to provide an explanation or analysis with its denial of costs and fees, which leaves this Court with no means of reviewing whether the district court abused its discretion. This Court has no alternative but to vacate the denial of costs and fees and remand to the district court to enter a new order granting or denying the motion for costs and fees, ***with an explanation of such decision.***

**<u>Argument and Citations of Authority</u>**

An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedure in making the determination, or bases an award or denial upon findings of fact that are clearly erroneous. *United States v. Gilbert,* 198 F.3d 1293, 1298 (11th Cir. 1999) *citing American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). When a district court fails to provide an explanation for a denial of a motion for fees, it is impossible for a reviewing court to discern the correctness of the district court's judgment and the case must be remanded for an explanation. *McLaughlin v. Mosher Steel Co.,* 876 F.2d 1485, 1496 (11th Cir. 1989) ("Without any explanation for its denial of a request for fees, however, it is impossible for us to discern the correctness of the district court's judgment. It is necessary therefore, to remand the case to the district court for an explanation…."); *Continental Illinois Corp. v. Lewis,* 827 F.2d 1517 (11th Cir. 1987), *vacated on other grounds by Lewis v. Continental Bank Corp.,* 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). *See also Gilmere v. City of Atlanta,* 931 F.2d 811 (11th Cir. 1991) (Remanding case to district court for "full, explicit explanation" of order on attorney's fees).

OpenAI might argue in response that this Court is as qualified as the district court to rule on the merits of the motion for costs and fees, but this Court

10

has rejected such suggestions. *Danley v. Allen,* 480 F.3d 1090, 1092 (11th Cir. 2007) ("Many times, and in many contexts, this Court has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review [citation to collected cases omitted]. In this case, we conclude that the district court's one-sentence summary denial of [a motion] wholly fails to provide this Court with an opportunity to conduct meaningful appellate review. ***While this Court certainly could review the record and applicable case law and reader a reasoned decision on the … issue, this is the responsibility of the district court in the first instance. Accordingly, we vacate the district court's orders … and remand the case to the district court to consider the case in full and to enter reasoned orders … and detail the legal analysis used by the district court….***") [Emphasis supplied].

Because the district court provided a one-sentence denial of Walters' motion for costs and fees, with no explanation or analysis of any kind, the order denying Walters' motion must be vacated and the case remanded to the district court for a detail of the legal analysis used.

## **Conclusion**

The order of the district court denying Walters' motion for costs and fees

should be vacated and the case remanded for an explanation of the district court's decision.

                                JOHN R. MONROE
                                John Monroe Law, P.C.

                                /s/ John R. Monroe
                                John R. Monroe
                                Georgia State Bar No. 516193

156 Robert Jones Road
Dawsonville, GA  30534
Telephone: (678) 362-7650
jrm@johnmonroelaw.com                ATTORNEY FOR APPELLANT

## Certificate of Compliance

I certify that this Brief of Appellant complies with F.R.A.P. 32(a)(7)(B) length limitations, and that this Brief of Appellants contains 1,649 words as determined by the word processing system used to create this Brief of Appellant.

/s/ John R. Monroe
John R. Monroe
Attorney for Appellants
156 Robert Jones Road
Dawsonville, Ga 30534
State Bar No. 516193
678-362-7650

## Certificate of Service

I certify that I served a copy of the foregoing Brief of Appellant via all counsel of record via the Court's ECF system.

                                                      /s/ John R. Monroe
                                          John R. Monroe
                                          Attorney for Appellants
                                          156 Robert Jones Road
                                          Dawsonville, GA  30534
                                          State Bar No. 516193
                                          678-362-7650