# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

MARK WALTERS,

*Plaintiff-Appellant*,

v.

OPENAI, L.L.C.,

*Defendant-Appellee.*

On Appeal from the United States District Court for the Northern
District of Georgia, No. 23-cv-03122-MLB

## BRIEF OF APPELLEE OPENAI, L.L.C.

Peter Karanjia
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000

Brendan Krasinski
1201 West Peachtree Street
Suite 2900
Atlanta, Georgia 30309
(404) 736-7861

Ashley Allen Carr
303 Colorado Street, Suite 3000
Austin, TX 78701
(512) 457-7000

February 7, 2024

DLA Piper LLP (US)

Ilana H. Eisenstein
Marie Bussey-Garza
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
(215) 656-3300

Danny Tobey
1900 N. Pearl St., Suite 2200
Dallas, TX 75201
(214) 743-4500

*Attorneys for Appellee
OpenAI, L.L.C.*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1 and 11th Circuit Rule 26.1-1, Appellee OpenAI, L.L.C. ("OpenAI") hereby files this Certificate of Interested Persons and Corporate Disclosure Statement ("CIP") to identify the following interested persons or entities omitted from Appellant's Certificate of Interested Persons and Corporate Disclosure Statement (CIP) [Doc. 3] filed on November 28, 2023:

1. Aestas, LLC (Member of OpenAI Holdings, LLC)

2. Aestas Management Company, LLC (Member of Aestas, LLC)

3. John Monroe Law, P.C. (Counsel for Appellant)

4. Microsoft Corporation (MSFT) (Member of OpenAI Global, LLC; greater than 10% financial interest in OpenAI Global, LLC )

5. OAI Corporation (Member of OpenAI Global, LLC)

6. OpenAI Global, LLC (Member of OpenAI OpCo, LLC)

7. OpenAI Holdings, LLC (sole shareholder of OAI Corporation )

8. OpenAI, Inc. (Member of OpenAI Holdings, LLC)

9. OpenAI OpCo, LLC (Member of Appellee OpenAI, L.L.C.)

10. OpenAI UK Ltd. (UK) (subsidiary of Appellee OpenAI, L.L.C.)

11. Summerlight Technologies Ltd. (Canada) (subsidiary of Appellee OpenAI, L.L.C.)

12. OpenAI Ireland Limited (Ireland) (subsidiary of Appellee OpenAI, L.L.C.)

13. OpenAI Japan, Ltd. (Japan) (subsidiary of Appellee OpenAI, L.L.C.)

**STATEMENT REGARDING ORAL ARGUMENT**

Appellee believes oral argument is unlikely to aid the Court in resolving this appeal and, therefore, does not request it. *See* Fed. R. App. P. 34(a); 11th Cir. R. 28-1(c).

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ............................................................... i

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF AUTHORITIES ................................................................v

STATEMENT OF JURISDICTION...........................................................1

STATEMENT OF THE ISSUE..............................................................2

STATEMENT OF THE CASE...............................................................3

    I.   Factual Background ..................................................3

    II.  Procedural History ..................................................4

STANDARD OF REVIEW .................................................................6

SUMMARY OF THE ARGUMENT ...........................................................7

ARGUMENT ...........................................................................9

    I.   The Record Shows No Abuse of Discretion in the Denial of a Fee Award
Because OpenAI Had an Objectively Reasonable Basis for Removal .....10

        A.  This Court's Standard of Review Presumes the District Court Applied
the Law Properly and Draws Inferences Consistent with the District
Court's Judgment that Fees Should Be Denied ..................................10

        B.  OpenAI Had an Objectively Reasonable Basis for Removal .............11

    II.  Appellant's Novel Theory and Requested Relief Are Contrary to Law ...13

CONCLUSION.........................................................................20

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*24e Fitness, LLC v. Internal Credit Sys. Inc.*,
   No. 21-11888, 2022 WL 1222312 (11th Cir. Apr. 26, 2022)............................17

*ACLU v. Barnes*,
   168 F.3d 423, (11th Cir. 1999) ........................................................................14

*Anderson v. Osh Kosh B'Gosh*,
   255 F. App'x 345 (11th Cir. 2006) ...................................................................13

*\*Bauknight v. Monroe Cty.*,
   446 F.3d 1327 (11th Cir. 2006) ................................................6, 7, 11, 17, 18, 19

*Burrell v. Bd. of Trs.*,
   125 F.3d 1390 (11th Cir. 1997) ........................................................................10

*Continental Illinois Corporation v. Lewis*,
   827 F.2d 1517 (11th Cir. 1987), *vacated by Lewis v. Cont'l Bank
   Corp.*, 494 U.S. 472 (1990) .............................................................................15

*Danley v. Allen*,
   480 F.3d 1090 (11th Cir. 2007) ..................................................................15, 16

*Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*,
   678 F.3d 1199 (11th Cir. 2012) ........................................................................17

*Funchess v. Wainwright*,
   772 F.2d 683 (11th Cir. 1985) ..........................................................................10

*Gallant v. CMGRP, Inc.*,
   No. 1:16-cv-689-TCB, 2017 WL 7692422 (N.D. Ga. Apr. 6, 2017)................12

*Gilham v. Farmers Ins. Exch.*,
   No. 1:20-CV-0039-LMM, 2020 WL 5809964
   (N.D. Ga. Mar. 17, 2020)..................................................................................12

*Gilmere v. City of Atlanta*,
  931 F.2d 811 (11th Cir. 1991) ...........................................................15

*Haynes v. McCalla Raymer LLC*,
  793 F.3d 1246 (11th Cir. 2015) .........................................................16

*Holt v. Crist*,
  233 F. App'x 900 (11th Cir. 2007) .....................................................11

*In re Application to Adjudge Trinity Industries*,
  876 F.2d 1485 (11th Cir. 1989) ....................................................14, 15

*Mahoney v. Brand 44 Trading, LLC*,
  No. 22-cv-1280 (N.D. Ga. Oct. 3, 2022) ...........................................12

*Martin v. Franklin Cap. Corp.*,
  546 U.S. 132 (2005).............................................................6, 11, 15

*MSP Recovery Claims 1, LLC v. Travelers Cas. Co.*,
  No. 19-20465-CIV, 2019 WL 1872976 (S.D. Fla. Apr. 26, 2019),
  *aff'd,* 995 F.3d 1289 (11th Cir. 2021).................................................19

*MSP Recovery Claims Series, LLC v. Dairyland Ins. Co.*,
  No. 19-20510-CIV, 2019 WL 1876697 (S.D. Fla. Apr. 26, 2019),
  *aff'd,* 995 F.3d 1289 (11th Cir. 2021).................................................18

*MSP Recovery Claims, Series, LLC v. Hanover Ins. Co.*,
  No. 19-20507-CIV, 2019 WL 2105978 (S.D. Fla. Apr. 22, 2019),
  *aff'd,* 995 F.3d 1289 (11th Cir. 2021).................................................18

*MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*,
  995 F.3d 1289 (11th Cir. 2021) ......................................1, 14, 18, 19

*MSPA Claims I, LLC v. Northland Ins. Co.*,
  No. 19-20872-CIV, 2019 WL 1876786 (S.D. Fla. Apr. 26, 2019),
  *aff'd,* 995 F.3d 1289 (11th Cir. 2021).................................................18

*Nelson v. Barden*,
  145 F. App'x 303 (11th Cir. 2005) .....................................................13

*Ounjian v. Globoforce, Inc.*,
  89 F.4th 852 (11th Cir. 2023) ............................................................13

*Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*,
   75 F.4th 1290 (11th Cir. 2023) ..............................................................13

\*United States v. $242,484.00 in U.S. Currency*,
   389 F.3d 1149 (11th Cir. 2004) .....................................................10, 13

*United States v. Gilbert*,
   198 F.3d 1293 (11th Cir. 1999) .............................................................14

*Walton v. Arizona*,
   497 U.S. 639 (1990) .................................................................................10

*Wilson v. Benyon Sports Surfaces, Inc.*,
   No. 1:11-CV-2002-RWS, 2011 WL 6014666
   (N.D. Ga. Dec. 1, 2011) ........................................................................12

**Statutes**

28 U.S.C. § 1291 ...........................................................................................1

\*28 U.S.C. § 1447.................................. 1, 2, 5, 6, 7, 9, 11, 14, 17, 18, 19

42 U.S.C. § 1983 .........................................................................................15

42 U.S.C. § 1988 .........................................................................................15

**STATEMENT OF JURISDICTION**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because a denial of attorneys' fees is a final order of the district court, and 28 U.S.C. § 1447(d) does not bar review of such denial. 28 U.S.C. § 1291; *id.* § 1447(d) (barring review of remand orders but not fee awards); *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) (reviewing denial of fees under 28 U.S.C. § 1447(c)).

# STATEMENT OF THE ISSUE

Whether the District Court abused its discretion in declining to award attorneys' fees and costs to Plaintiff-Appellant under 28 U.S.C. § 1447(c).

## STATEMENT OF THE CASE

### I.  Factual Background

This appeal arises out of a defamation claim against Defendant-Appellee OpenAI, L.L.C. ("OpenAI") brought by Plaintiff-Appellant Mark Walters ("Appellant"), a Georgia resident.  Doc. 1-1 at 2 ¶ 1, Doc. 12-1 at 9.[1]

OpenAI is a research and development company that seeks "to ensure that artificial general intelligence benefits all of humanity."  Doc. 12-1 at 6, 9–10. OpenAI has developed large language models, which are artificial intelligence ("AI") "tools that learn patterns and structures in language to predict responses to a person's request" and which power OpenAI's ChatGPT technology.  *Id.* at 10. ChatGPT can be accessed by a user through a web interface; and, after acknowledging that the system may generate incorrect information, a user can enter prompts in a text box that cause ChatGPT to generate a response.  *Id.* at 11–13.

Appellant brought a defamation claim against OpenAI after a ChatGPT user, Fred Riehl, "asked ChatGPT to follow a URL and summarize the contents of a legal complaint" and eventually elicited content from the ChatGPT interface about

---

[1] In accordance with 11th Cir. R. 28-5, document references in this Brief refer to the document and page number in the header generated by the District Court's electronic filing system.  If the document includes numbered paragraphs, the referenced paragraphs are also identified.  References to the Supplemental Appendix of Appellee OpenAI, L.L.C. are to the page numbers of the Supplemental Appendix appearing in the lower right-hand corner of the page and preceded by the prefix S.A.

Appellant.  Doc. 12-1 at 13–16.  Riehl (and, for that matter, Appellant) had previously agreed to ChatGPT's terms of use, which required Riehl to acknowledge that the content ChatGPT generated may not be accurate, and, in fact, Riehl knew the information at issue to be false.  Doc. 12-1 at 10–16.

## II.    Procedural History

On or about June 5, 2023, Appellant filed a complaint against OpenAI in the Superior Court of Gwinnett County, State of Georgia, Case No. 23-A-04860-2.  *See* Doc. 1-1 at 2–9.  On July 14, 2023, OpenAI timely removed the action to the United States District Court for the Northern District of Georgia (the "District Court"), and subsequently filed a Notice of Member Citizenship.  *See* Doc. 43 at 2–5.  The case was assigned to District Judge Michael L. Brown, under Case Number 1:23-cv-03122-MLB.  *See id.* at 2.

On July 21, 2023, OpenAI moved to dismiss the complaint, and on September 8, 2023, Appellant filed both a response to the motion to dismiss and an amended complaint, thereby mooting the motion.  *See id.* at 5, 7.  On October 13, 2023, OpenAI moved to dismiss the amended complaint, and Appellant filed a response three days later.  *See id.* at 8.

On August 7, 2023, while OpenAI's initial motion to dismiss was pending, the District Court entered a text-only order instructing OpenAI to "show cause . . . why this case should not be remanded for lack of subject matter

4

jurisdiction." *Id.* at 6. OpenAI filed a response on August 21, 2023, in which it provided facts establishing the amount in controversy, provided the citizenship of each of its members, and confirmed that no member is a citizen of Georgia. *See* Doc. 22. Appellant filed a response the same day, *see* Doc. 43 at 6, and, on September 22, 2023, the District Court entered another text order instructing OpenAI to "affirmatively identify by name each member of an LLC," *id.* at 7.

Balancing its right to a federal forum with the burden of publicly disclosing the identity of each of OpenAI's members— including individuals (such as investors and employees) who are not parties to the litigation—OpenAI elected to withdraw its notice of removal, rather than identify these individuals by name in a public filing. *See* Doc. 33.

The same day, Appellant filed a Motion for Costs and Attorney's Fees Pursuant to 28 U.S.C. § 1447(c) seeking $8,400 in fees and costs (the "Motion for Fees"), which he later increased to $11,120. *See* Doc. 34, 34-1. OpenAI opposed the Motion for Fees, *see* Doc. 37, 37-1, and Appellant replied, *see* Doc. 43 at 8. On October 25, 2023, after full briefing on the Motion for Fees, the District Court entered an order remanding the case to state court and denying the Motion for Fees. *See* Doc. 39. This appeal followed.

## STANDARD OF REVIEW

"The denial of costs and fees under 28 U.S.C. § 1447(c) is reviewed for abuse of discretion." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006).

Pursuant to 28 U.S.C. § 1447(c), fees should be denied unless the removing defendant lacked an objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

## SUMMARY OF THE ARGUMENT

Appellant seeks an order vacating the District Court's judgment denying him a nominal award of $11,120 in attorneys' fees and costs under 28 U.S.C. § 1447(c), but—incredibly—Appellant claims this Court cannot review that discretionary order. Instead, Appellant suggests this Court has a ministerial duty to vacate and remand the order with instructions to the District Court to explain its reasons for denying the fee request. But Appellant's novel theory finds no support in Eleventh Circuit law—not even in the cases he cites. Rather, *Bauknight v. Monroe County*, 446 F.3d 1327 (11th Cir. 2006)—the ***only*** case Appellant cites that involved a denial of attorneys' fees under 28 U.S.C. § 1447(c)—confirms that where, as here, a District Court enters a one-sentence order denying attorneys' fees under 28 U.S.C. § 1447(c), this Court should affirm the judgment if the record supports an inference that the defendant had an objectively reasonable basis for seeking removal. Such is the case here.

The record confirms that OpenAI had an objectively reasonable basis for removal where neither it nor its LLC members are citizens of Georgia, and thus complete diversity exists. OpenAI's decision to accept remand rather than compromise the privacy of its individual LLC members (such as investors and employees, past and present) by identifying each by name does not undermine that conclusion. Indeed, the same District Court had previously retained diversity

jurisdiction in a recent case without requiring individual identification of each LLC member to demonstrate that diversity jurisdiction existed.

On this record, the District Court did not abuse its discretion in denying the fee request because OpenAI had an objectively reasonable basis for removal, nor was it an abuse of discretion to decline Appellant's invitation to make a contrary (and unsupported) inference. This Court can—and should—find that the District Court did not abuse its discretion, and the judgment should be affirmed.

## ARGUMENT

In his opening Brief, Appellant advances a novel theory that is antithetical to Eleventh Circuit law and finds no support in the cases he cites. According to Appellant, "[b]ecause the district court provided a one-sentence denial of [Appellant's] motion for costs and fees, with no explanation or analysis of any kind, the order denying [the] motion ***must*** be vacated and the case remanded to the district court for a detail of the legal analysis used." Appellant's Br. at 11 (emphasis added). But notably missing from Appellant's Brief is ***a single case*** in which this Court remanded an action with instructions for a district court to provide an explanation for its discretionary decision to deny attorneys' fees under 28 U.S.C. § 1447(c). That is because the law in this Circuit and others does not impose any such frivolous, ministerial duty. On the contrary, this Court has well-established authority to review the record and the District Court's decision.

Here, there is no evidence that the District Court failed to adequately consider the issues or that it otherwise failed to perform its review function properly. Furthermore, all reasonable inferences support the District Court's judgment. The record demonstrates that OpenAI had an objectively reasonable basis for removal because (1) complete diversity exists; (2) OpenAI accurately disclosed the citizenship of each of its members; and (3) the same District Court retained jurisdiction in a recent case involving similar disclosures by an LLC defendant that

disclosed the citizenship, but not identities, of its individual members. This Court's case law—including the only on-point case cited by Appellant—demonstrates the judgment denying fees should be affirmed.

## I. The Record Shows No Abuse of Discretion in the Denial of a Fee Award Because OpenAI Had an Objectively Reasonable Basis for Removal

### A. This Court's Standard of Review Presumes the District Court Applied the Law Properly and Draws Inferences Consistent with the District Court's Judgment that Fees Should Be Denied

When, as here, a district court's order does not expressly specify findings in support of judgment, this Court is not required to remand for an explanation; rather, this Court's "review standard requires" it to consider the record, "view the evidence in the light most favorable to the prevailing party," and infer "findings that are consistent with [the district court's] judgment although unstated." *United States v. $242,484.00 in U.S. Currency*, 389 F.3d 1149, 1153–54 (11th Cir. 2004) (internal quotation marks and citations omitted) (collecting cases); *see also id.* at 1153 ("A bedrock principle upon which our appellate review has relied is that the 'appeal is not from the opinion of the district court but from its judgment.'" (citation omitted)). Importantly, "[t]rial judges are presumed to know the law and to apply it in making their decisions." *Burrell v. Bd. of Trs.*, 125 F.3d 1390, 1395 (11th Cir. 1997) (quoting *Walton v. Arizona*, 497 U.S. 639, 653 (1990)); *see also $242,484.00 in U.S. Currency*, 389 F.3d at 1155 ("We also 'assume all courts base rulings upon a review of the entire record.'" (quoting *Funchess v. Wainwright*, 772 F.2d 683, 694 (11th

Cir. 1985))). As a result, this Court "assume[s] that the district court performed its review function properly in the absence of evidence to the contrary." *Holt v. Crist*, 233 F. App'x 900, 901 (11th Cir. 2007) (internal quotation marks and citation omitted).

In reviewing a decision to deny fees under 28 U.S.C. § 1447(c), this Court's analysis is straightforward and binary. "Absent unusual circumstances, courts ***may*** award attorney's fees under § 1447(c) ***only*** where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (emphases added); *see also Bauknight*, 446 F.3d at 1329 (same). On the other hand, "when an objectively reasonable basis exists, ***fees should be denied***." *Martin*, 546 U.S. at 141 (emphasis added). Thus, where, as here, the record demonstrates an objectively reasonable basis for removal, this Court should affirm the judgment denying fees.

### B. *OpenAI Had an Objectively Reasonable Basis for Removal*

As both the record and the District Court's judgment reflect, OpenAI had an objectively reasonable basis for removal. As a result, Appellant was not entitled to an award of fees under 28 U.S.C. § 1447(c).

OpenAI had an objectively reasonable basis for seeking removal because (1) OpenAI is not a citizen of Georgia, so complete diversity does, in fact, exist; (2) upon request from the District Court, OpenAI responded, balancing its right to

11

federal jurisdiction with the rights of those not party to this litigation, and provided further information accurately representing the citizenship of each of its members and affirming that no member or constituent entity is a citizen of Georgia; and (3) this level of disclosure—identifying the citizenship but not names of certain individual members—was consistent with the disclosures in a recent case in which the same District Court had retained jurisdiction. Doc. 37 at 4–5. Indeed, in *Mahoney v. Brand 44 Trading, LLC*, the District Court held that the plaintiff had "met her burden to show complete diversity jurisdiction" where her amended complaint alleged the defendant "is a Colorado LLC whose members are all citizens and domiciliary of Colorado." Order, No. 22-cv-1280 (N.D. Ga. Oct. 3, 2022) (finding jurisdiction satisfied based on amended complaint omitting identities of the LLC's members); *see* S.A.30, S.A.34 ¶ 4.

A removing defendant, moreover, does not lack a reasonable basis simply because the removal is unsuccessful. *See Gallant v. CMGRP, Inc.*, No. 1:16-cv-689-TCB, 2017 WL 7692422, *1 (N.D. Ga. Apr. 6, 2017) ("Although Defendants' removal to this Court was erroneous, the Court cannot conclude that it lacked an objectively reasonable basis . . . ."); *see also Gilham v. Farmers Ins. Exch.*, No. 1:20-CV-0039-LMM, 2020 WL 5809964, *1 (N.D. Ga. Mar. 17, 2020) (declining to award attorneys' fees in the absence of a finding that the removing defendant removed the case "for the purpose of prolonging litigation"); *Wilson v. Benyon*

12

*Sports Surfaces, Inc.*, No. 1:11-CV-2002-RWS, 2011 WL 6014666, \*3–4 (N.D. Ga. Dec. 1, 2011) (declining to award fees on remand where a defendant "made a good-faith attempt to remove the case and filed evidence to that end").

On this record, the District Court did not abuse its discretion in denying Walters' Motion for Fees given OpenAI's objectively reasonable basis for seeking removal. *See $242,484.00 in U.S. Currency*, 389 F.3d at 1154 ("[F]indings should be construed liberally and found to be in consonance with the judgment, so long as that judgment is supported by evidence in the record." (internal quotation marks and citation omitted)); *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 857 (11th Cir. 2023) ("We may affirm the district court's judgment on any ground supported by the record."); *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1314 n.19 (11th Cir. 2023) (same); *see also, e.g.*, *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 348 (11th Cir. 2006) ("[I]n the absence of evidence to the contrary, we presume that the district court, in dismissing [plaintiff's] complaint under Rule 4(m), determined that her failure to timely serve [defendant] was not excused by 'good cause.'" (citation omitted)); *Nelson v. Barden*, 145 F. App'x 303, 310 (11th Cir. 2005) (same). Accordingly, this Court should affirm.

## II. Appellant's Novel Theory and Requested Relief Are Contrary to Law

Nothing in Appellant's perfunctory, two-page argument supports his novel theory that this Court is prohibited from reviewing the record and must instead

remand with instructions for the District Court to explain its judgment when a one-sentence order is entered. Indeed, ***not one*** of the five, decades-old cases he cites supports his position.[2]

***First***, in *In re Application to Adjudge Trinity Industries* (which Appellant cites as *McLaughlin v. Mosher Steel Co.*, *see* Appellant's Br. at 10), this Court remanded a case "for further findings and the legal basis for [the district court's] denial of the Secretary[ of Labor's] request for attorneys' fees" in connection with a civil contempt order under the Occupational Safety and Health Act. 876 F.2d 1485, 1496 (11th Cir. 1989). The Secretary of Labor is generally "***entitle[ed]*** to [those] expenses," so this Court determined an explanation would aid its review. *Id.* at 1494, 1496. There is no similar entitlement to fees under 28 U.S.C. § 1447(c), which permits an award ***only*** if the defendant lacked an objectively reasonable basis for removal. *See* § I.A, *supra*; *see also MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) ("There is no presumption in favor of awarding attorney's fees and costs under Section 1447(c).").

---

[2] At the outset, Appellant cites a criminal case to define "[a]n abuse of discretion," but that case has nothing to do with an award of attorneys' fees in a civil action removed pursuant to diversity jurisdiction. *See* Appellant's Br. at 10 (citing *United States v. Gilbert*, 198 F.3d 1293, 1296, 1298 (11th Cir. 1999) ("address[ing] issues of first impression involving the Hyde Amendment" (citing *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)))).

**Second**, Appellant cites *Continental Illinois Corporation v. Lewis*, *see* Appellant's Br. at 10, but like *Trinity Industries*, that case also involved a different statute, **with a different award standard**. 827 F.2d 1517, 1523 (11th Cir. 1987) ("Continental's motion was made pursuant to 42 U.S.C. § 1988 (1981) or, in the alternative 'pursuant to the court's inherent power to award such fees for bad faith.'"), *vacated by Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990).

**Third**, Appellant cites *Gilmere v. City of Atlanta*, Appellant's Br. at 10, but in that case, this Court remanded for the district court to explain **how it calculated the award it granted under a different fee statute**. 931 F.2d 811, 812, 814 (11th Cir. 1991) (considering a fee award under 42 U.S.C. § 1988 for plaintiff-appellant who prevailed on claims under 42 U.S.C. § 1983 against police officers for "the beating and shooting death" of her brother, and explaining the Court had "no reasoning by the district court to enable [it] to review the manner in which the district court determined the $ 75 per hour rate to be appropriate"); *see also Martin*, 546 U.S. at 137 (discussing different standard for awarding fees against a party that violated substantive federal law). This Court has no similar calculations to evaluate here.

**Finally**, Appellant cites *Danley v. Allen*, 480 F.3d 1090, 1092 (11th Cir. 2007) in purported support for his claim that this Court has categorically rejected any suggestion that it "is as qualified as the district court to rule on the merits of the motion for costs and fees." Appellant's Br. at 10–11. But, once again, the cited case

does not say that, and *Danley* did not involve a fee award at all. 480 F.3d at 1091. In *Danley*, "[t]he district court entered one-sentence orders denying . . . various motions to dismiss" fact-intensive claims. *Id.*

This Court explained that "[m]any times, and in many contexts, this Court has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review." *Id.* (collecting cases). Because *Danley* was such a case, this Court "remand[ed] the case to the district court to consider the case in full and to enter reasoned orders." *Id.* at 1092. The Court's decision was expressly limited to the facts and circumstances of that case, and this Court did not purport to establish any blanket rule requiring remand of one-sentence orders. *See id.* ("***In this case***, we conclude that the district court's one-sentence summary denials of defendant-appellants' motions to dismiss wholly fail to provide this Court with an opportunity to conduct meaningful appellate review." (emphasis added)).

Indeed, contrary to Appellant's central premise—that this Court ***cannot*** review an order that omits reasoning—it is well established that this Court's review is not limited to the judgment itself, but also extends to the record. *See, e.g.*, *Haynes v. McCalla Raymer LLC*, 793 F.3d 1246, 1249 (11th Cir. 2015) ("We may affirm the district court's ruling on ***any ground supported by the record***." (emphasis added)). Here, the basis for the District Court's ruling is apparent from the record

and legally sound. *See* § I, *supra*. In fact, the single case Appellant cites that involved a denial of fees under 28 U.S.C. § 1447(c) confirms that this Court can and should find that the District Court did not abuse its discretion and should affirm the lower court's judgment. *See Bauknight*, 446 F.3d at 1328 ("[W]e hold that the district court did not abuse its discretion, and accordingly, we affirm the judgment of the district court.").[3]

In *Bauknight*, the district court entered an order remanding the case to state court and included a single sentence denying the plaintiff's motion for fees under 28 U.S.C. § 1447(c): "[I]t is . . . ORDERED AND ADJUDGED that Plaintiffs' request for payment of costs and expenses incurred as a result of the removal is DENIED." No. 04-10105-CIV, 2005 WL 6104561, at *1 (S.D. Fla. Feb. 3, 2005), *aff'd*, 446 F.3d 1327 (11th Cir. 2006). On appeal, this Court did not—as Appellant claims it "must"—"remand[] for an explanation." Appellant's Br. at 10; *see Bauknight*, 446

---

[3] *See also 24e Fitness, LLC v. Internal Credit Sys. Inc.*, No. 21-11888, 2022 WL 1222312, at *2 (11th Cir. Apr. 26, 2022). In reviewing a denial of fees under 28 U.S.C. § 1447(c), this Court "will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when **neither** the district court's decision **nor the record** provide sufficient explanation to enable meaningful appellate review." *Id.* (emphases added) (quoting *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012)). In other words, this Court can, should, and routinely does look to the record in conducting "meaningful appellate review." *Id.*; *see also* § I.A, *supra*.

F.3d at 1327–28.[4]  Instead, this Court did what Eleventh Circuit law requires: it undertook "a thorough review of the record" and held "that the removal was objectively reasonable[,]" so "the district court did not abuse its discretion by refusing to award costs and fees to the appellants under 28 U.S.C. § 1447(c)." *Bauknight*, 446 F.3d at 1332.

This Court affirmed this approach in *MSP Recovery Claims, Series LLC*, where it addressed seven consolidated appeals from district court orders denying fee awards under 28 U.S.C. § 1447(c).  995 F.3d at 1292.  Several of those orders included one-sentence denials of fee requests without stating the court's reasoning. *See MSP Recovery Claims, Series, LLC v. Hanover Ins. Co.*, No. 19-20507-CIV, 2019 WL 2105978, at *2 n.2 (S.D. Fla. Apr. 22, 2019) ("The Court expressly denies Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 4) and Plaintiffs' Motion for Sanctions (ECF No. 25).")*, aff'd*, 995 F.3d at 1297; *MSP Recovery Claims Series, LLC v. Dairyland Ins. Co.*, No. 19-20510-CIV, 2019 WL 1876697, at *1 (S.D. Fla. Apr. 26, 2019) ("[I]t is ADJUDGED that the motion for remand is GRANTED and the request for attorney's fees is DENIED."), *aff'd*, 995 F.3d at 1297; *MSPA Claims*

---

[4] This Court did not consider a waived argument that the district court abused its discretion by failing to state the "standards and reasons" for the fee denial, *Bauknight*, 446 F.3d at 1330 n.2, but, regardless, this argument is contrary to the Court's well-settled reviewing standard, pursuant to which it draws inferences consistent with a district court's judgment, *see* § I.A., *supra*.

*I, LLC v. Northland Ins. Co.*, No. 19-20872-CIV, 2019 WL 1876786, at *1 (S.D. Fla. Apr. 26, 2019) (same), *aff'd,* 995 F.3d at 1297; *MSP Recovery Claims 1, LLC v. Travelers Cas. Co.*, No. 19-20465-CIV, 2019 WL 1872976, at *1 (S.D. Fla. Apr. 26, 2019) (same), *aff'd,* 995 F.3d at 1297.

This Court did not remand these cases for an explanation of the district courts' reasoning.  On the contrary, this Court explained, "we ***must*** determine whether the district court abused its discretion when it declined to award attorney's fees and costs under 28 U.S.C. § 1447(c)."  *MSP Recovery Claims*, 995 F.3d at 1296 (emphasis added) (citing *Bauknight*, 446 F.3d at 1329).  To do so, it reviewed the record and considered the argument raised by the plaintiff below that the "removals were objectively unreasonable because [the defendants] had 'clear and undeniable notice' of prior remand orders that had rejected similar legal arguments."  *Id.*  The Court rejected this argument, and, on the record of one-line fee denials, concluded that "the district court here decided that the insurance companies had an objectively reasonable basis to remove."  *Id.*  Accordingly, this Court affirmed, finding it could not "say the district court abused its discretion in declining to award attorney's fees and costs."  *Id.*  The same reasoning and outcome are compelled on the analogous facts before the Court here.  *See* § I, *supra.*

## CONCLUSION

As OpenAI demonstrated to the District Court, OpenAI had an objectively reasonable basis for removal because complete diversity exists; it adequately disclosed the citizenship of its members, while preserving the privacy of non-party individuals; and similar disclosures had been sufficient in a prior case before the same District Court. It was not an abuse of discretion for the District Court to agree with OpenAI that its basis for removal was objectively reasonable and deny the Motion for Fees. That ends the inquiry, and this Court should affirm.

Dated: February 7, 2024

Respectfully submitted,

**DLA Piper LLP (US)**

Peter Karanjia
500 Eighth Street, NW
Washington, DC 20004
Tel.: (202) 799-4000
Fax: (202) 799-5000
peter.karanjia@dlapiper.com

By: */s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
Marie Bussey-Garza
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel.: (215) 656-3300
Fax: (215) 656-3301
ilana.eisenstein@us.dlapiper.com
marie.bussey-garza@us.dlapiper.com

Brendan Krasinski
1201 West Peachtree Street, Suite 2900
Atlanta, Georgia 30309
Tel.: (404) 736-7861
Fax: (404) 682-7831
brendan.krasinski@dlapiper.com

Danny Tobey
1900 N. Pearl St., Suite 2200
Dallas, TX 75201
Tel.: (214) 743-4500
Fax: (214) 743-4545
danny.tobey@dlapiper.com

Ashley Allen Carr
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel.: (512) 457-7000
Fax: (512) 457-7001
ashley.carr@dlapiper.com

*Attorneys for Defendant-Appellee
OpenAI, L.L.C.*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify, on this 7th day of February, 2024, that this Brief complies with the Type-Volume Limitation, Typeface Requirements, and Type-Style Requirements:

1.　　This document complies with the word limit requirement of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,032 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.　　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in roman style typeface of 14 points.

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2024, pursuant to Federal Rule of Appellate Procedure 25(d) and 11th Circuit Rule 25-3(a), that I caused the foregoing Brief to be filed using the CM/ECF system, which constitutes service on all attorneys registered to use that system pursuant to 11th Cir. R. 25-3(a). I further certify that four copies of this brief are being delivered via UPS to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit.

/s/ Ilana H. Eisenstein
Ilana H. Eisenstein