# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

MARK WALTERS,

*Plaintiff-Appellant*,

v.

OPENAI, L.L.C.,

*Defendant-Appellee*.

---

On Appeal from the United States District Court for the Northern
District of Georgia, No. 23-cv-03122-MLB

---

## SUPPLEMENTAL APPENDIX OF APPELLEE OPENAI, L.L.C.

---

Peter Karanjia
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000

Brendan Krasinski
1201 West Peachtree Street
Suite 2900
Atlanta, Georgia 30309
(404) 736-7861

Ashley Allen Carr
303 Colorado Street, Suite 3000
Austin, TX 78701
(512) 457-7000

February 7, 2024

DLA Piper LLP (US)

Ilana H. Eisenstein
Marie Bussey-Garza
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
(215) 656-3300

Danny Tobey
1900 N. Pearl St., Suite 2200
Dallas, TX 75201
(214) 743-4500

*Attorneys for Appellee*
*OpenAI, L.L.C.*

# INDEX TO SUPPLEMENTAL APPENDIX

**Tab/Docket No.**

Complete Docket Sheet........................................................................ Tab 43

Defendant OpenAI's Opposition to Plaintiff's Motion
   for Costs and Attorney's Fees.................................................... Tab 37

*Mahoney v. Brand 44 Trading, LLC*, No. 22-cv-1280
   (N.D. Ga. Oct. 3, 2022), Order retaining jurisdiction and Amended Complaint
   referenced therein provided pursuant to Fed. R. App. P. 32.1(b)............... Tab 3

# Tab 43

4months,APPEAL,CLOSED,MLBLC1

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−03122−MLB</u>

Walters v. OpenAI, L.L.C.

Assigned to: Judge Michael L. Brown

Cause: 28:1446 Notice of Removal − Libel, Assault, Slander

Date Filed: 07/14/2023

Date Terminated: 10/25/2023

Jury Demand: Plaintiff

Nature of Suit: 320 Assault Libel & Slander

Jurisdiction: Diversity

**Plaintiff**

**Mark Walters**

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Nov 17 2023

KEVIN P. WEIMER, Clerk

By: s/A. Gee

Deputy Clerk

represented by **John R. Monroe**
John Monroe Law, P.C.
156 Robert Jones Rd.
Dawsonville, GA 30534
678−362−7650
Fax: 678−744−3464
Email: jrm@johnmonroelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**OpenAI, L.L.C.**

represented by **Ashley Allen Carr**
DLA Piper LLP (US) − Austin TX
303 Colorado Street
Austin, TX 78701
817−713−5113
Email: ashley.carr@dlapiper.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brendan Gerard Krasinski**
DLA Piper LLP US
1201 W. Peachtree Street NE
Suite 2900
Atlanta, GA 30309
404−736−7861
Email: brendan.krasinski@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Lee Tobey**
DLA Piper LLP (US)
1900 N. Pearl St.

Ste 2200
Dallas, TX 75201
214−743−4538
Fax: 972−813−6275
Email: danny.tobey@us.dlapiper.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilana H. Eisenstein**
DLA Piper LLP (US)
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, PA 19103
215−656−3351
Fax: 215−606−3351
Email: ilana.eisenstein@us.dlapiper.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marie Bussey−Garza**
DLA Piper US LLP − PA
1650 Market Steet
Philadelphia, PA 19103
215−656−3315
Fax: 215−501−5815
Email: marie.bussey−garza@us.dlapiper.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter Karanjia**
DLA Piper LLP (US)−DC
500 Eighth Street, NW
Washington, DC 20004
202−799−4135
Email: peter.karanjia@dlapiper.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/14/2023 | 1 | | NOTICE OF REMOVAL with COMPLAINT filed by OpenAI, L.L.C. (Filing fee $ 402 receipt number AGANDC−12743652) (Attachments: # 1 Exhibit A − Complaint, # 2 Exhibit B, # 3 Civil Cover Sheet)(tas) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 07/17/2023) |

| 07/17/2023 | 2 | | STANDING ORDER regarding Civil Litigation. Signed by Judge Michael L. Brown on 8/26/2021. (jpk) (Entered: 07/17/2023) |
|---|---|---|---|
| 07/17/2023 | 3 | | Certificate of Interested Persons and Corporate Disclosure Statement by OpenAI, L.L.C. identifying Corporate Parent OpenAI OpCo, LLC, Corporate Parent OpenAI, Inc., Other Affiliate Microsoft Corporation for OpenAI, L.L.C.. (Krasinski, Brendan) (Entered: 07/17/2023) |
| 07/17/2023 | 4 | | Request for Leave of Absence for the following date(s): 7/31− 8/4/2023, 8/9− 8/23/2023 by John R. Monroe. (Monroe, John) Modified to condense dates on 7/18/2023 (kng). (Entered: 07/17/2023) |
| 07/17/2023 | 5 | | Certificate of Interested Persons and Corporate Disclosure Statement by Mark Walters. (Monroe, John) (Entered: 07/17/2023) |
| 07/20/2023 | 6 | | APPLICATION for Admission of Ilana H. Eisenstein Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758076).by OpenAI, L.L.C.. (Krasinski, Brendan) Documents for this entry are not available for viewing outside the courthouse. (Entered: 07/20/2023) |
| 07/20/2023 | 7 | | APPLICATION for Admission of Marie Bussey−Garza Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758107).by OpenAI, L.L.C.. (Krasinski, Brendan) Documents for this entry are not available for viewing outside the courthouse. (Entered: 07/20/2023) |
| 07/20/2023 | 8 | | APPLICATION for Admission of Peter Karanjia Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758122).by OpenAI, L.L.C.. (Krasinski, Brendan) Documents for this entry are not available for viewing outside the courthouse. (Entered: 07/20/2023) |
| 07/20/2023 | 9 | | APPLICATION for Admission of Ashley Allen Carr Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758129).by OpenAI, L.L.C.. (Krasinski, Brendan) Documents for this entry are not available for viewing outside the courthouse. (Entered: 07/20/2023) |
| 07/20/2023 | 10 | | APPLICATION for Admission of Daniel Lee Tobey Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758215).by OpenAI, L.L.C.. (Krasinski, Brendan) Documents for this entry are not available for viewing outside the courthouse. (Entered: 07/20/2023) |
| 07/21/2023 | | | APPROVAL by Clerks Office re: 6 APPLICATION for Admission of Ilana H. Eisenstein Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758076). Attorney Ilana H. Eisenstein added appearing on behalf of OpenAI, L.L.C.. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 07/21/2023) |
| 07/21/2023 | | | APPROVAL by Clerks Office re: 7 APPLICATION for Admission of Marie Bussey−Garza Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758107). Attorney Marie Bussey−Garza added appearing on behalf of OpenAI, L.L.C. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 07/21/2023) |
| 07/21/2023 | | | APPROVAL by Clerks Office re: 8 APPLICATION for Admission of Peter Karanjia Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758122). Attorney Peter Karanjia added appearing on behalf of OpenAI, L.L.C. E−filing access may be requested after an order granting the |

| | | | |
|---|---|---|---|
| | | | application is entered. (rvb) (Entered: 07/21/2023) |
| 07/21/2023 | | | APPROVAL by Clerks Office re: 9 APPLICATION for Admission of Ashley Allen Carr Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758129). Attorney Ashley Allen Carr added appearing on behalf of OpenAI, L.L.C. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 07/21/2023) |
| 07/21/2023 | | | APPROVAL by Clerks Office re: 10 APPLICATION for Admission of Daniel Lee Tobey Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12758215). Attorney Daniel Tobey added appearing on behalf of OpenAI, L.L.C. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 07/21/2023) |
| 07/21/2023 | 11 | | NOTICE by OpenAI, L.L.C. re 1 Notice of Removal, *of Member Citizenship* (Krasinski, Brendan) (Entered: 07/21/2023) |
| 07/21/2023 | 12 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by OpenAI, L.L.C.. (Attachments: # 1 Brief Memorandum of Law In Support of Motion to Dismiss, # 2 Exhibit Exhibit 1 − Memo of Law, # 3 Exhibit Exhibit 2 − Memo of Law, # 4 Exhibit Exhibit 3 − Memo of Law, # 5 Exhibit Exhibit 4 − Memo of Law, # 6 Exhibit Exhibit 5 − Memo of Law, # 7 Exhibit Exhibit 6 − Memo of Law, # 8 Exhibit Exhibit 7 − Memo of Law, # 9 Exhibit Exhibit 8 − Memo of Law, # 10 Exhibit Exhibit 9 − Memo of Law, # 11 Exhibit Exhibit 10 − Memo of Law, # 12 Text of Proposed Order Proposed Order Granting MTD)(Krasinski, Brendan) (Entered: 07/21/2023) |
| 07/24/2023 | 13 | | ORDER GRANTING 6 Application for Admission Pro Hac Vice of Ilana H. Eisenstein. Signed by Judge Michael L. Brown on 07/24/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(kng) (Entered: 07/24/2023) |
| 07/24/2023 | 14 | | ORDER GRANTING 7 Application for Admission Pro Hac Vice of Marie Bussey−Garza. Signed by Judge Michael L. Brown on 07/24/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(kng) (Entered: 07/24/2023) |
| 07/24/2023 | 15 | | ORDER GRANTING 8 Application for Admission Pro Hac Vice of Peter Karanjia. Signed by Judge Michael L. Brown on 07/24/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(kng) (Entered: 07/24/2023) |
| 07/24/2023 | 16 | | ORDER GRANTING 9 Application for Admission Pro Hac Vice of Ashley Allen Carr. Signed by Judge Michael L. Brown on 07/24/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(kng) (Entered: 07/24/2023) |
| 07/24/2023 | 17 | | ORDER GRANTING 10 Application for Admission Pro Hac Vice of Daniel Lee Tobey. Signed by Judge Michael L. Brown on 07/24/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they |

| | | |
|---|---|---|
| | | must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(kng) (Entered: 07/24/2023) |
| 07/24/2023 | | Clerk's Certificate of Mailing re 13 Order on Application for Admission PHV to Ilana H. Eisenstein, 14 Order on Application for Admission PHV to Marie Bussey−Garza, 15 Order on Application for Admission PHV to Peter Karanjia, 16 Order on Application for Admission PHV to Ashley Allen Carr, 17 Order on Application for Admission PHV to Daniel Lee Tobey. (kng) (Entered: 07/24/2023) |
| 07/26/2023 | 18 | Unopposed MOTION for Extension of Time to file response to Defendant's Motion to Dismiss re: 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Mark Walters. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Monroe, John) (Entered: 07/26/2023) |
| 07/26/2023 | 19 | ORDER GRANTING 18 Unopposed MOTION for Extension of Time to file response to Defendant's Motion to Dismiss re 12 . Plaintiff shall have through and including 9/8/2023 in which to file a response to Defendant's Motion to Dismiss. Signed by Judge Michael L. Brown on 07/26/2023. (kng) (Entered: 07/26/2023) |
| 08/07/2023 | | ORDER (by docket entry only): Defendant's Notice of Removal (Dkt. 1) does not show the Court has diversity jurisdiction over this case. It establishes neither the requisite amount in controversy nor diversity of citizenship (even considering Defendant's Notice of Member Citizenship (Dkt.11), which simply identifies Defendant's member LLC and then vaguely claims "[n]one of [that] LLC's members or constituent entities are citizens of Georgia."). The Court **ORDERS** Defendant to show cause, no later than August 21, 2023, why this case should not be remanded for lack of subject matter jurisdiction. The Court **ORDERS** Plaintiff to file a response brief no later than September 5, 2023. If Defendant does not establish subject matter jurisdiction or otherwise comply with this Order, the Court will remand this case to state court. Ordered by Judge Michael L. Brown on 8/7/2023. (jpk) (Entered: 08/07/2023) |
| 08/07/2023 | 20 | Joint MOTION for Extension of Time to Submit the Joint Preliminary Report and Discovery Plan by OpenAI, L.L.C.. (Attachments: # 1 Text of Proposed Order)(Krasinski, Brendan) (Entered: 08/07/2023) |
| 08/08/2023 | 21 | ORDER GRANTING 20 Joint MOTION for Extension of Time to Submit the Joint Preliminary Report and Discovery Plan. The Parties have up to and including 8/28/2023. Signed by Judge Michael L. Brown on 8/8/2023. (kng) (Entered: 08/08/2023) |
| 08/21/2023 | 22 | RESPONSE TO ORDER TO SHOW CAUSE re: Order,,,, Set Submission Deadline,,, filed by OpenAI, L.L.C.. (Attachments: # 1 Exhibit A)(Krasinski, Brendan) (Entered: 08/21/2023) |
| 08/21/2023 | 23 | RESPONSE TO ORDER TO SHOW CAUSE re: Order,,,, Set Submission Deadline,,,. (Monroe, John) (Entered: 08/21/2023) |
| 08/21/2023 | 24 | CERTIFICATE OF SERVICE of Initial Disclosures by OpenAI, L.L.C..(Krasinski, Brendan) (Entered: 08/21/2023) |
| 08/24/2023 | 25 | Consent MOTION for Extension of Time Submit Joint Preliminary Report and Discovery Plan by OpenAI, L.L.C.. (Attachments: # 1 Text of Proposed Order |

| | | | Proposed Order on Consent Motion)(Krasinski, Brendan) (Entered: 08/24/2023) |
|---|---|---|---|
| 08/25/2023 | 26 | | ORDER GRANTING 25 Consent MOTION for Extension of Time Submit Joint Preliminary Report and Discovery Plan. The Parties hereby have up to and including 9/4/2023. Signed by Judge Michael L. Brown on 8/25/2023. (kng) (Entered: 08/25/2023) |
| 09/04/2023 | 27 | | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by OpenAI, L.L.C.. (Krasinski, Brendan) (Entered: 09/04/2023) |
| 09/07/2023 | 28 | | SCHEDULING ORDER APPROVING 27 Joint Preliminary Report and Discovery Plan. The time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court. The four−month discovery period will begin to run upon resolution of the pending motion to dismiss 12 and any subsequent answer filed by Defendant. Signed by Judge Michael L. Brown on 9/7/2023. (kng) (Entered: 09/07/2023) |
| 09/08/2023 | 29 | | RESPONSE in Opposition re 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Mark Walters. (Monroe, John) (Entered: 09/08/2023) |
| 09/08/2023 | 30 | | AMENDED COMPLAINT against OpenAI, L.L.C.with Jury Demand filed by Mark Walters.(Monroe, John) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 09/08/2023) |
| 09/14/2023 | 31 | | Unopposed MOTION for Extension of Time Respond to Amended Complaint by OpenAI, L.L.C.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Krasinski, Brendan) (Entered: 09/14/2023) |
| 09/14/2023 | 32 | | ORDER: OpenAI, L.L.C.'s Unopposed Motion for Extension of Time to Respond to Amended Complaint is GRANTED. OpenAI, L.L.C. hereby has up to and including October 13, 2023 to respond to Plaintiff's Amended Complaint. Signed by Judge Michael L. Brown on 09/14/2023. (tht) (Entered: 09/14/2023) |
| 09/22/2023 | | | ORDER (by docket entry only): Defendant still has not shown the Court has diversity jurisdiction because it has not yet established the citizenship of OpenAI Holdings, LLC and Aestas Management Company, LLC (both of which are entities in Defendant's membership structure). Defendant claims (1) OpenAI Holdings, LLC has "[m]embers who are citizens of California and Michigan, or are citizens of other countries"; and (2) "Aestas Management Company, LLC's members are citizens of Alaska, Arizona, California, Colorado, Connecticut, the District of Columbia, Delaware, Florida, Illinois, Massachusetts, Maryland, Michigan, North Dakota, New Jersey, Nevada, New York, Oregon, Pennsylvania, Texas, Virginia and Washington, or are citizens of other countries, but not Georgia." (Dkt. 22 paras. 13c, 14.) These allegations are insufficient. Defendant must affirmatively identify by name each member of an LLC and then allege whatever specific facts are necessary to establish the citizenship of that member. The Court will give Defendant one last chance to do so. Defendant must file, no later than October 6, 2023, a single consolidated document showing the Court has subject matter jurisdiction over this action. Failure to do so will result in remand. Ordered by Judge Michael L. Brown on 9/22/2023. (jpk) (Entered: 09/22/2023) |

| 09/26/2023 | | | Submission of 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM to District Judge Michael L. Brown. (jpk) (Entered: 09/26/2023) |
|---|---|---|---|
| 10/06/2023 | 33 | | RESPONSE re Order,,,,,, Set Submission Deadline,,,,, filed by OpenAI, L.L.C.. (Krasinski, Brendan) (Entered: 10/06/2023) |
| 10/06/2023 | 34 | | MOTION for Attorney Fees with Brief In Support by Mark Walters. (Attachments: # 1 Brief, # 2 Affidavit Declaration of John Monroe)(Monroe, John) (Entered: 10/06/2023) |
| 10/13/2023 | 35 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiff's Amended Complaint* with Brief In Support by OpenAI, L.L.C.. (Attachments: # 1 Brief in Support, # 2 Exhibit 1 Walters LinkedIn, # 3 Exhibit 2 About Walters on Ammoland, # 4 Exhibit 3 Armed American Radio, # 5 Exhibit 4 Gun Freedom Radio, # 6 Exhibit 5 Riehl LinkedIn, # 7 Exhibit 6 About OpenAI, # 8 Exhibit 7 Terms of Use, # 9 Exhibit 8 Riehl May 3 ChatGPT, # 10 Exhibit 9 Riehl May 4 ChatGPT, # 11 Exhibit 10 Walters May 4 chat history, # 12 Text of Proposed Order)(Krasinski, Brendan) (Entered: 10/13/2023) |
| 10/16/2023 | 36 | | RESPONSE in Opposition re 35 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiff's Amended Complaint* filed by Mark Walters. (Monroe, John) (Entered: 10/16/2023) |
| 10/20/2023 | 37 | | RESPONSE in Opposition re 34 MOTION for Attorney Fees filed by OpenAI, L.L.C.. (Attachments: # 1 Exhibit Declaration of Kathy Son)(Krasinski, Brendan) (Entered: 10/20/2023) |
| 10/20/2023 | 38 | | REPLY BRIEF re 34 MOTION for Attorney Fees filed by Mark Walters. (Attachments: # 1 Affidavit Second Declaration of John Monroe)(Monroe, John) (Entered: 10/20/2023) |
| 10/25/2023 | 39 | | ORDER REMANDING this case to the Superior Court of Gwinnett County. The Court DENIES AS MOOT Defendant's 12 and 35 Motions to Dismiss for Failure to State a Claim. The Court DENIES Plaintiff's 34 Motion for Attorney Fees. Signed by Judge Michael L. Brown on 10/25/2023. (kng) (Entered: 10/25/2023) |
| 10/25/2023 | | | Civil Case Terminated. (kng) (Entered: 10/25/2023) |
| 10/25/2023 | 40 | | Electronically transmitted certified copy of remand order to Superior Court of Gwinnett County. (kng) (Entered: 10/25/2023) |
| 11/16/2023 | 41 | | NOTICE OF APPEAL as to 39 Order on Motion for Attorney Fees,, Order on Motion to Dismiss for Failure to State a Claim,,, by Mark Walters. Filing fee $ 505, receipt number AGANDC−13036953. Transcript Order Form due on 11/30/2023 (Monroe, John) (Entered: 11/16/2023) |
| 11/17/2023 | 42 | | USCA Appeal Transmission Letter to USCA 11th Circuit re: 41 Notice of Appeal, filed by Mark Walters. (adg) (Entered: 11/17/2023) |

# Tab 37

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARK WALTERS | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-03122- |
| OpenAI, L.L.C., | ) ) | MLB |
| Defendant. | ) ) ) | |

**DEFENDANT OPENAI'S OPPOSITION TO
PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES**

Defendant OpenAI, L.L.C., ("OpenAI") respectfully submits this Opposition to Plaintiff Mark Walters' ("Plaintiff") Motion for Costs and Attorney's Fees Pursuant to 28 U.S.C. 1447(c) ("Motion").

## I.   INTRODUCTION

Plaintiff's Motion should be denied for several reasons, chief among them that OpenAI had an objectively reasonable basis to remove this action to this Court pursuant to 28 U.S.C. § 1441.  While OpenAI chose to withdraw its motion to remand because it was not in a position to make further disclosures publicly naming all of the individual identities of its members, including individual employees and investors, OpenAI reasonably believed—and still believes—that complete diversity exists here.  Further, Plaintiff's Motion misrepresents communications between

1

counsel for Plaintiff and counsel for OpenAI,[1] and improperly asks this Court to assume that OpenAI acted in bad faith simply because the Court found OpenAI's proffered information insufficient.  But the law is clear that an unsuccessful removal attempt, without more, does not warrant fee-shifting.  Under these circumstances, the law does not support an award of attorneys' fees and costs.  For these reasons, and as set forth more fully below, Plaintiff's Motion should be denied.

## II.    RELEVANT FACTUAL BACKGROUND

On July 14, 2023, OpenAI exercised its statutory right to remove this action to federal court on the basis of diversity of citizenship.  *See* Dkt. 1.  On July 21, 2023, in support of its notice of removal, OpenAI filed a Notice of Member Citizenship identifying its sole member and stating that "none of [its] members or constituent entities are citizens of Georgia," *see* Dkt. 11.  Subsequently, this Court entered an Order to Show Cause directing OpenAI to proffer further information to support a finding of complete diversity between the parties.  *See* Aug. 7, 2023 Dkt. Order.  In response. OpenAI timely filed a Response to Order to Show Cause providing the states of citizenship of its members, including the members of its

---

[1] In contrast to Plaintiff's assertion that counsel for OpenAI "thought the case was going to be remanded" (Motion at 5), on September 7, 2023, undersigned counsel for OpenAI emailed Plaintiff's counsel following their conversation explicitly stating: "**Like I said, I don't know what [Judge Brown] is going to do**, but I do appreciate your agreement to give us time to finalize our state court response."

S.A.11

constituent LLCs.   *See* Dkt. 22 at 4–5.  Plaintiff does not and cannot contest the accuracy of these filings.

Thereafter, on September 22, 2023, the Court entered an order directing OpenAI to "affirmatively identify by name each member of an LLC and then allege whatever specific facts are necessary to establish the citizenship of that member" for the purpose of establishing subject matter jurisdiction.  As set forth in OpenAI's Response to Order Dated September 22, 2023, OpenAI believes that complete diversity jurisdiction exists because none of its members at any level is a citizen of Georgia.  *See* Dkt. 22.  As explained in its Response to Order to Show Cause, OpenAI's corporate structure (as of the time of this case's removal) included a constituent LLC, Aestas Management LLC, with members from a variety of states (but not Georgia).  Those members also included individual employees of OpenAI (both past and present) and individual investors.  To protect the privacy of those non-party individuals from being named in a public document, OpenAI has respectfully withdrawn its notice of removal and accepted a return to state court.  *See* Dkt. 33.

## III.   PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS SHOULD BE DENIED

"Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). In exercising its discretion to award fees, "the court must balance between deterring 'removals

sought for the purpose of prolonging litigation and imposing costs on the opposing party' and safeguarding a defendant's statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'" *Saville v. Lonesource, Inc.,* No. 1:11-CV-4398-TCB, 2012 WL 13015092, at *4 (N.D. Ga. Feb. 9, 2012) (quoting *Martin*, 546 U.S. at 140). "The mere fact that a case is remanded does not create a presumption in favor of awarding fees." *Sitton v. Jones, Martin, Parris & Tessener Law Offices, PLLC*, 2010 WL 5476785, *4 (N.D. Ga. Dec. 30, 2010).

### a. OpenAI Had an Objectively Reasonable Basis for Removal.

The United States Supreme Court has instructed that "when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. OpenAI removed this case based on its correct understanding that OpenAI is not a citizen of Georgia and, as such, there exists complete diversity between OpenAI and Plaintiff, a Georgia citizen. *See* Dkt. 1 at 3; *see also* Declaration of Kathy Son, at ¶ 3, attached as **Exhibit A**. OpenAI subsequently provided additional detail in response to the Court's order directing OpenAI to disclose further information regarding the citizenship of its members, again accurately representing that none of OpenAI's members or constituents are citizens of Georgia. *See* Dkt. 22 at 4–5. OpenAI made a level of disclosure consistent with a recent exemplar from this Court that retained federal jurisdiction, balancing the right to federal jurisdiction with the rights of those not party to this litigation. *See Mahoney v. Brand 44 Trading,*

4

*LLC et al.*, No. 22-cv-1280 (N.D. Ga. Oct. 3, 2023) (holding that Plaintiff had "met her burden to show complete diversity jurisdiction" where the plaintiff's amended complaint alleged the defendant "is a Colorado LLC whose members are all citizens and domiciliary of Colorado").

A removing defendant does not lack a reasonable basis simply because their removal is unsuccessful.  *See Gallant v. CMGRP, Inc.*, 2017 WL 7692422, *1 (N.D. Ga. Apr. 7, 2017) ("Although Defendants' removal to this Court was erroneous, the Court cannot conclude that it lacked an objectively reasonable basis….");  *see also Gilham v. Farmers Insurance Exchange,* No. 1:20-CV-0039-LMM, 2020 WL 5809964, *1 (N.D. Ga. Mar. 17, 2020) (declining to award attorneys' fees in the absence of a finding that the removing defendant removed the case "for the purpose of prolonging litigation"); *Wilson v. Benyon Sports Surfaces, Inc.*, No. 1:11-CV-2002-RWS, 2011 WL 6014666, *3–4 (N.D. Ga. Dec. 1, 2011) (declining to award fees on remand where a defendant "made a good-faith attempt to remove the case and filed evidence to that end.").

Indeed, courts in this District have declined to award attorneys' fees even where removing defendants relied on entirely *incorrect* information in seeking removal, which was not the case here.  For example, in *Rolfe v. CVS Pharmacy, Inc.*, the removing defendant mistakenly believed that diversity existed based on the plaintiff's citizenship and provided the Court with an affidavit to that effect.  *Rolfe*

*v. CVS Pharmacy, Inc.*, No. 1:14-CV-01913-ELR, 2015 WL 12860556, *5 (N.D. Ga. Apr. 27, 2015).  While the court "ultimately rejected Defendants' arguments regarding complete diversity" and remanded the case, the court declined to award attorneys' fees and costs.  *Id.*

### b.  No Other Circumstances Justify Fee-Shifting.

Despite OpenAI's objectively reasonable basis for removal, Plaintiff argues that "Defendants actions constitute 'unusual circumstances.'"  Motion at 7.  But Plaintiff does not provide any support for this conclusion.

As explained above, the law is clear that an unsuccessful removal alone does not warrant fee-shifting.  *See Sitton*, 2010 WL 5476785 at *1; *Saville*, 2012 WL 13015092 at *3–4 (denying request for attorneys' fees where removing defendant "failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

Here, Plaintiff has not alleged that any of OpenAI's statements to the Court regarding its citizenship or its members' citizenship were untruthful, nor can he credibly allege that they were designed to cause delay or for any other improper purpose.  Critically, Plaintiff does not even dispute that OpenAI is not a citizen of Georgia.  This fact pattern stands in sharp contrast to the limited cases where courts have found "unusual circumstances" warranting fee shifting.  For example, where the defendants' "notice of removal *intentionally misrepresented their citizenship to*

6

the Court."  *See Priority Payment Sys., LLC v. Connect Merch. Payment Servs., LLC*, No. 1:16-CV-1163-SCJ, 2017 WL 10410662, at *1–2 (N.D. Ga. June 12, 2017) (emphasis in original).

Plaintiff makes much of the fact that OpenAI filed its notice of removal and responded to the Court's orders "on the last day to do so," Motion at 7–8, but all that shows is that OpenAI complied with the deadlines set forth in the Federal Rules of Civil Procedure and the orders of this Court.  Plaintiff's other arguments about the delay caused by removal are equally unavailing.  *See* Motion at 8–9.  This case is still at the pleading stage, and while it may be true that federal practice requires certain steps that state courts do not (for example, serving initial disclosures), Plaintiff ignores that this would be the case in almost *every* remand in this District and, as explained above, fee-shifting is the exception, not the rule.

Moreover, Plaintiff's request for fees is not well taken under his own conduct. First, Plaintiff never objected to federal jurisdiction nor filed any motion to remand, which he could have done prior to responding to OpenAI's motion to dismiss or amending his complaint.  *See Gilham*, 2020 WL 5809964 at *1 (declining to award fees in part because "Plaintiffs did not object to jurisdiction at any point, nor did they file a motion to remand.").  Second, Plaintiff has supported his request for fees with a statement attributed to opposing Counsel that is quickly disproved by the written correspondence between them.

For all of these reasons, nothing in Plaintiff's Motion warrants an award of attorneys' fees and costs.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's request for an award of attorney's fees and costs should be denied.

October 20, 2023                                         Respectfully submitted,

By:  */s/ Brendan Krasinski*
Brendan Krasinski
Georgia Bar No. 159089
DLA Piper LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, Georgia 30309
Tel.: (404) 736-7861
Fax: (404) 682-7831
brendan.krasinski@us.dlapiper.com

Danny Tobey, *pro hac vice*
1900 N. Pearl St., Suite 2200
Dallas, TX 75201
Tel.: (214) 743-4500
Fax: (214) 743-4545
danny.tobey@us.dlapiper.com

Ashley Allen Carr, *pro hac vice*
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel.: (512) 457-7000
Fax: (512) 457-7001
ashley.carr@us.dlapiper.com

Ilana H. Eisenstein, *pro hac vice*
Marie Bussey-Garza, *pro hac vice*
One Liberty Place
1650 Market Street, Suite 5000

S.A.17

Philadelphia, PA 19103
Tel.: (215) 656-3300
Fax: (215) 656-3301
ilana.eisenstein@us.dlapiper.com
marie.bussey-garza@us.dlapiper.com

Peter Karanjia, *pro hac vice*
500 Eighth Street, NW
Washington, DC 20004
Tel.: (202) 799-4000
Fax: (202) 799-5000
peter.karanjia@us.dlapiper.com

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Per Local Rule 7.1(D), I hereby certify that the foregoing Opposition to Plaintiff's Motion for Costs and Attorneys' Fees was prepared in Times New Roman, 14-point font in accordance with Local Rule 5.1(C).

Dated: October 20, 2023

By: */s/ Brendan Krasinski*
Brendan Krasinski

S.A.18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 20th day of October 2023, I electronically filed the foregoing OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to all attorneys of record.

Dated: October 20, 2023

By: */s/ Brendan Krasinski*
Brendan Krasinski

S.A.19

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**MARK WALTERS**,

       Plaintiff,

   v.

**OPENAI, L.L.C**,

       Defendant.

Case No. 1:23-cv-03122-MLB

<u>**DECLARATION OF KATHY SON**</u>

I, Kathy Son, hereby declare under penalty of perjury, pursuant to 28 U.S.C. §
1746(2), that the following is true and correct:

    1.    I am Director of Equity Programs at OpenAI ("OpenAI") and am
competent to make this Declaration.  In this role, I have first-hand knowledge of
the identity and citizenship of OpenAI, L.L.C.'s members and constituent entities
at the time that this case was filed.  These members include individuals such as
employees (past and current) and investors.

    2.    The facts set forth in this Declaration are based upon my personal
knowledge and my review of documents which OpenAI maintains in the ordinary

S.A.21

course of its businesses.  I would be willing and able to testify thereto if and when called upon to do so.

3.      I conducted a diligent review, as described above, of OpenAI's business records in support of OpenAI L.L.C.'s past filings in this case, Dkt. 11 and 22.  I reviewed the members of OpenAI L.L.C., including constituent entities and members thereof, at the time of this case's filing, and confirmed that none of those members resides in or is a corporate citizen of the State of Georgia.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 20, 2023, in San Francisco, California.

This 20th day of October, 2023.

DocuSigned by:

*Kathy Son*

7FDD221031524C7...

KATHY SON

2

# Tab 3

# 1:22cv1280, Mahoney V. Brand 44 Trading, Llc Et Al

US District Court Docket

United States District Court, Georgia Northern

(Atlanta)

**This case was retrieved on 02/06/2024**

## ▾Header

**Case Number:** 1:22cv1280        **Class Code:** Open

**Date Filed:** 03/31/2022        **Statute:** 28:1332

**Assigned To:** Judge Michael L. Brown        **Jury Demand:** Both

**Nature of Suit:** Product Liability (365)        **Demand Amount:** $0

**Cause:** Diversity-Product Liability        **NOS Description:** Product Liability

**Lead Docket:** None

**Other Docket:** None

**Jurisdiction:** Diversity

## ▾Participants

| Litigants | Attorneys |
| --- | --- |
| Ashley Mahoney | Joshua Jacobson |
| In Her Capacity as Parent and Legal Guardian of C.M. \| | LEAD ATTORNEY;ATTORNEY TO BE NOTICED |
| **Plaintiff** | Morgan and Morgan P.A. |
| | 20 N. Orange Ave. Ste 1600 |
| | Orlando, FL 32801 |
| | USA |
| | 407-236-5703 |
| | Email:Joshua@jacobsonphillips.Com |
| | Mark Theron Baldwin Patterson |

S.A.24

LEAD ATTORNEY;PRO HAC
VICE;ATTORNEY TO BE NOTICED
Morgan & Morgan, P.A. -O.FL
20 North Orange Avenue 15th Floor
Orlando, FL 32801
USA


Dylan James Hooper

[Terminated: 07/26/2022]
GrayRobinson
301 East Pine Street Suite 1400
Orlando, FL 32801
USA
407-244-5632 Email:Dylan.Hooper@gray-
Robinson.Com

Laura Sidwell Maki
ATTORNEY TO BE NOTICED
Morgan & Morgan, PLLC - Atl
191 Peachtree Street Northeast Suite 4200
P.O. Box 57007
Atlanta, GA 30343
USA
404-965-8811 Fax: 404-496-7417
Email:Lmaki@forthepeople.Com

Robert A. DeMetz , Jr.
ATTORNEY TO BE NOTICED
Morgan & Morgan, PLLC - C. GA
Suite 200 408 12th Street
Columbus, GA 31901
USA
706-478-1909 Fax: 404-876-0992
Email:Rdemetz@forthepeople.Com

Frederick Newman Sager , Jr.
LEAD ATTORNEY;ATTORNEY TO BE
NOTICED

BRAND 44 TRADING, LLC

doing business as | b4 Adventure |

**Defendant**

S.A.25

Weinberg Wheeler Hudgins Gunn & Dial, LLC-
Atl
Suite 2400 3344 Peachtree Road, Ne
Atlanta, GA 30326
USA
404-876-2700 Email:Rsager@wwhgd.Com

George Burr Green , Jr.

[Terminated: 01/23/2024]
Weinberg Wheeler Hudgins Gunn & Dial, LLC-
Atl
Suite 2400 3344 Peachtree Road, Ne
Atlanta, GA 30326
USA
404-876-2700 Email:Ggreen@wwhgd.Com

Lindsay Gatling Ferguson
ATTORNEY TO BE NOTICED
Weinberg Wheeler Hudgins Gunn & Dial, LLC-
Atl
Suite 2400 3344 Peachtree Road, Ne
Atlanta, GA 30326
USA
404-832-9589 Email:Lferguson@wwhgd.Com

Sams's East, Inc.                    Steven Chambless Ouzts
[Terminated: 08/11/2022]              LEAD ATTORNEY;ATTORNEY TO BE
**Defendant**                        NOTICED
                                     Drew Eckl & Farnham -B. Ga
                                     Suite 305 777 Gloucester Street
                                     Brunswick, GA 31520
                                     USA
                                     912-602-6966 Email:Souzts@deflaw.Com

                                     Ann Hunsberger Searcy
                                     ATTORNEY TO BE NOTICED
                                     Drew Eckl & Farnham -B. Ga
                                     Suite 305 777 Gloucester Street
                                     Brunswick, GA 31520

S.A.26

USA

912-267-0719 Fax: 404-876-0992

Email:Searcya@deflaw.Com

Leslie Paige Becknell

ATTORNEY TO BE NOTICED

Drew Eckl & Farnham LLP

100 Main Street Ga Suite A

St. Simons Island, GA 31522

USA

912-267-0719 Email:Lbecknell@deflaw.Com

**Sam's West Inc.**

doing business as | Buford Sam's Club |

**Defendant**

Ann Hunsberger Searcy

ATTORNEY TO BE NOTICED

Drew Eckl & Farnham -B. Ga

Suite 305 777 Gloucester Street

Brunswick, GA 31520

USA

912-267-0719 Fax: 404-876-0992

Email:Searcya@deflaw.Com

Leslie Paige Becknell

ATTORNEY TO BE NOTICED

Drew Eckl & Farnham LLP

100 Main Street Ga Suite A

St. Simons Island, GA 31522

USA

912-267-0719 Email:Lbecknell@deflaw.Com

## ▼ Proceedings

Retrieve Document(s)

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Free | 1 | 03/31/2022 | COMPLAINT with Jury Demand filed by Ashley Mahoney, In Her Capacity as Parent and Legal Guardian of C.M. (Filing fee $402, receipt number AGANDC-11701250) (Attachments: # 1 Exhibit 1, # 2 Civil Cover Sheet)(lwb) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and | |

S.A.27

Document:                    1:22cv1280, Mahoney V. Brand 44 Trading, Llc Et Al

Pretrial Associated Forms which includes the
Consent To Proceed Before U.S. Magistrate
form. (Entered: 04/01/2022)

| | Online | 2 | 03/31/2022 | Electronic Summons Issued as to Brand 44 Trading, LLC. (lwb) (Entered: 04/01/2022) |
|---|---|---|---|---|
| | Online | 3 | 03/31/2022 | Electronic Summons Issued as to Sam's West, Inc.. (lwb) (Entered: 04/01/2022) |
| | Online | 4 | 04/01/2022 | STANDING ORDER regarding Civil Litigation. Signed by Judge Michael L. Brown on 8/26/2021. (jpk) (Entered: 04/01/2022) |
| | Online | 5 | 04/21/2022 | Return of Service Executed by Ashley Mahoney. All Parties. (Attachments: # 1 Affidavit Affidavit of Service)(Jacobson, Joshua) (Entered: 04/21/2022) |
| | Free | 6 | 04/25/2022 | ANSWER to 1 COMPLAINT with Jury Demand by Sam's West, Inc.. Discovery ends on 9/22/2022.(Becknell, Leslie) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 04/25/2022) |
| | Online | 7 | 04/27/2022 | Notice for Leave of Absence for the following date(s): May 16-27, 2022, by Frederick Newman Sager, Jr. (Sager, Frederick) Modified on 4/28/2022 to consolidate dates (tmf). (Entered: 04/27/2022) |
| | Free | 8 | 05/03/2022 | ANSWER to 1 COMPLAINT with Jury Demand by Brand 44 Trading, LLC.(Green, George) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 05/03/2022) |
| | Online | 9 | 05/03/2022 | Certificate of Interested Persons by Brand 44 Trading, LLC. (Green, George) (Entered: 05/03/2022) |
| | Online | 10 | 05/04/2022 | NOTICE of Appearance by Dylan James Hooper on behalf of Ashley Mahoney (Hooper, Dylan) (Entered: 05/04/2022) |
| | Online | 11 | 05/31/2022 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Brand 44 Trading, LLC. (Green, George) (Entered: 05/31/2022) |
| | Online | 12 | 06/02/2022 | SCHEDULING ORDER: re: 11 Joint Preliminary Report and Discovery Plan. This case is assigned to a ten-month discovery track Discovery ends on 4/3/2023. Signed by Judge Michael L. Brown on 6/2/2022. (dob) (Entered: 06/02/2022) |
| | Online | 13 | 06/07/2022 | CERTIFICATE OF SERVICE of First Set of Interrogatories and Request for Production of Documents to Plaintiff by Brand 44 Trading, LLC.(Green, George) (Entered: 06/07/2022) |
| | Online | 14 | 06/22/2022 | Joint MOTION to Substitute Party Defendant Sams East, Inc.by Sam's West, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Becknell, Leslie) (Entered: 06/22/2022) |

S.A.28

Document:                    1:22cv1280, Mahoney V. Brand 44 Trading, Llc Et Al

| | | | |
|---|---|---|---|
| ☐ | Online | 15 | 06/22/2022 | ORDER granting 14 Motion to Substitute Party. Sams East, Inc., is hereby substituted as party defendant for SamsWest, Inc.. Signed by Judge Michael L. Brown on 6/22/2022. (dob) (Entered: 06/22/2022) |
| ☐ | Online | 16 | 07/26/2022 | NOTICE of Appearance by Robert A. DeMetz, Jr on behalf of Ashley Mahoney (DeMetz, Robert) (Entered: 07/26/2022) |
| ☐ | Free | 17 | 07/26/2022 | >Certificate of Consent for Attorney Withdrawal by Ashley Mahoney (Hooper, Dylan) Modified on 7/27/2022 to edit event slected (dob). (Entered: 07/26/2022) |
| ☐ | Online | 18 | 07/28/2022 | ORDER TO SHOW CAUSE on or before twenty-one (21) days from the date of this order, why this case should not be dismissed for lack of subject matter jurisdiction. The Court DIRECTS the Clerk to resubmit this matter to the undersigned after the expiration of the deadline. Signed by Judge Michael L. Brown on 7/28/2022. (dob) (Entered: 07/28/2022) |
| ☐ | Online | 19 | 07/28/2022 | Initial Disclosures by Sams's East, Inc.. (Becknell, Leslie) (Entered: 07/28/2022) |
| ☐ | Online | 20 | 08/03/2022 | APPLICATION for Admission of Mark Theron Baldwin Patterson Pro Hac Vice (Application fee $ 150, receipt number AGANDC-11972948).by Ashley Mahoney. (DeMetz, Robert) Documents for this entry are not available for viewing outside the courthouse. (Entered: 08/03/2022) |
| | | | 08/10/2022 | APPROVAL by Clerks Office re: 20 APPLICATION for Admission of Mark Theron Baldwin Patterson Pro Hac Vice (Application fee $ 150, receipt number AGANDC-11972948).. Attorney Mark Theron Baldwin Patterson added appearing on behalf of Ashley Mahoney (kkh) (Entered: 08/10/2022) |
| ☐ | Online | 21 | 08/10/2022 | CERTIFICATE OF SERVICE Non Party Request by Sams's East, Inc..(Becknell, Leslie) (Entered: 08/10/2022) |
| ☐ | Online | 22 | 08/10/2022 | ORDER granting 20 Application for Admission Pro Hac Vice as to Mark Theron Baldwin Patterson. Signed by Judge Michael L. Brown on 8/10/2022. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(dob) Modified on 8/10/2022 to edit attorney name (dob). (Entered: 08/10/2022) |
| ☐ | Free | 23 | 08/11/2022 | First AMENDED COMPLAINT against All Defendants with Jury Demand filed by Ashley Mahoney.(DeMetz, Robert) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and |

S.A.29

| | | | | |
|---|---|---|---|---|
| | | | | Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/11/2022) |
| | | | 08/19/2022 | Submission of 23 Amended Complaint to District Judge Michael L. Brown. (jpk) (Entered: 08/19/2022) |
| ☐ | Free | 24 | 08/24/2022 | ANSWER to 23 Amended Complaint by Brand 44 Trading, LLC.(Green, George) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/24/2022) |
| ☐ | Free | 25 | 08/24/2022 | DEFENDANT SAMS WEST, INC.S ANSWER to 23 Amended Complaint by Sam's West Inc., Sams's East, Inc.. (Becknell, Leslie) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/24/2022) |
| ☐ | Online | 26 | 09/29/2022 | Request for Leave of Absence for the following date(s): October 12, 13, 14, 15, 16, 17, 18 November 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 Dec 20, 21, 22,23, 24, 25, 26, 27, 28, 29, 30, 31, January 1, 2, 3, 4,, by Leslie Paige Becknell. (Attachments: # 1 Text of Proposed Order Proposed Order for Leave of Absence)(Becknell, Leslie) (Entered: 09/29/2022) |
| ☐ | Online | 27 | 10/03/2022 | DUPLICATE FILINGPetition for Leave of Absence for the following date(s): October 12, 13, 14, 15, 16, 17, 18 November 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 Dec 20, 21, 22,23, 24, 25, 26, 27, 28, 29, 30, 31, January 1, 2, 3, 4,, by Leslie Paige Becknell. (Attachments: # 1 Text of Proposed Order Order for petition for Leave of Absence) (Becknell, Leslie) Modified on 10/5/2022 (dob). (Entered: 10/03/2022) |
| ☐ | Online | 28 | 10/03/2022 | Proposed Order re 26 Request for Leave of Absence by Leslie Paige Becknell. (Becknell, Leslie) Modified on 10/5/2022 to edit text to reflect PDF (dob). (Entered: 10/03/2022) |
| | | | 10/03/2022 | ORDER (by docket entry only): On July 28, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. 18.) Plaintiff filed her amended complaint on August 11, 2022. (Dkt. 23.) Upon review of Plaintiff's amended complaint, the Court finds that Plaintiff has met her burden to show complete diversity jurisdiction pursuant to § 1332 and the Court's show cause order (Dkt. 18) is SATISFIED. Ordered by Judge Michael L. Brown on 10/3/2022. (jpk) (Entered: 10/03/2022) |
| ☐ | Online | 29 | 11/02/2022 | NOTICE to Take Deposition of Plaintiff, Ashley Mahoney filed by Brand 44 Trading, LLC (Green, George) (Entered: 11/02/2022) |

S.A.30

| | Online | 30 | 11/22/2022 | NOTICE Of Filing by Brand 44 Trading, LLC of Chapter 11 Bankruptcy (Green, George) (Entered: 11/22/2022) |
| | Free | 31 | 12/02/2022 | ORDER staying this matter as to Defendant Brand 44 Trading, LLC during the pendency of the bankruptcy proceedings. The parties promptly shall notify the Court once the bankruptcy proceedings have concluded. Signed by Judge Michael L. Brown on 12/2/2022. (dob) (Entered: 12/05/2022) |
| | Online | 32 | 01/23/2023 | Request for Leave of Absence for the following date(s): April 24, 2023, April 25, 2023, April 26, 2023, April 27, 2023, April 28, 2023, April 29, 2023, April 30, 2023, May 1, 2023, by Frederick Newman Sager, Jr. (Sager, Frederick) (Entered: 01/23/2023) |
| | Online | 33 | 08/21/2023 | ORDER TO SHOW CAUSE: Plaintiff shall SHOW CAUSE, on or before 9/5/2023, why this action should not be dismissed without prejudice as to Defendant, Sam's West Inc. for failure to prosecute. Failure to comply with this order will lead to the dismissal of this action as to Defendant Sam's West Inc. for failure to prosecute. The Court DIRECTS the Clerk to submit this matter if Plaintiff fails to comply with this order. Signed by Judge Michael L. Brown on 8/21/2023. (kng) (Entered: 08/22/2023) |
| | | | 08/22/2023 | Clerk's Certificate of Mailing to attorney Mark Theron Baldwin Patterson re 33 Order to Show Cause. (kng) (Entered: 08/22/2023) |
| | Online | 34 | 08/31/2023 | NOTICE of Appearance by Laura Sidwell Maki on behalf of Ashley Mahoney (Maki, Laura) (Entered: 08/31/2023) |
| | Online | 35 | 08/31/2023 | MOTION for Order to Show Cause by Ashley Mahoney. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Maki, Laura) Modified to remove double wording on 9/1/2023 (kng). (Entered: 08/31/2023) |
| | Online | 36 | 08/31/2023 | MOTION for Order to Lift Stay by Ashley Mahoney. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Maki, Laura) Modified to remove double wording on 9/1/2023 (kng). (Entered: 08/31/2023) |
| | Online | 37 | 09/05/2023 | NOTICE of Appearance by Ann Hunsberger Searcy on behalf of Sam's West Inc., Sams's East, Inc. (Searcy, Ann) (Entered: 09/05/2023) |
| | | | 09/20/2023 | Submission of 35 MOTION for Order to Show Cause and 36 MOTION for Order to Lift Stay to District Judge Michael L. Brown. (jpk) (Entered: 09/20/2023) |
| | Online | 38 | 01/23/2024 | Notice of Withdrawal of Counsel by Brand 44 Trading, LLC (Green, George) Modified to accurately reflect e-filed document on 1/24/2024 (kng). (Entered: 01/23/2024) |

S.A.31

Document:                          1:22cv1280, Mahoney V. Brand 44 Trading, Llc Et Al

| | | | | |
|---|---|---|---|---|
| ☐ | Online | 39 | 01/24/2024 | Petition for Leave of Absence for the following date(s): February 12, 2024- February 19, 2024, April 1, 2024- April 8, 2024, June 10, 2024- June 17, 2024, August 12, 2024- August 26, 2024, September 16, 2024- September 23, 2024, December 23, 2024- January 3, 2024, by Michael L. Miller. (Attachments: # 1 Order on Petition for Leave of Absence)(Miller, Michael) Modified to condense dates on 1/26/2024 (kng). (Entered: 01/24/2024) |
| ☐ | Online | 40 | 01/31/2024 | NOTICE of Appearance by Lindsay Gatling Ferguson on behalf of Brand 44 Trading, LLC (Ferguson, Lindsay) (Entered: 01/31/2024) |



Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

Order Runner Documents ⧉

**LexisNexis**

About                    Cookie Policy                    **RELX**™

Privacy Policy        Terms & Conditions          Copyright © 2024 LexisNexis.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ASHLEY MAHONEY, in her
capacity as Parent and Legal
Guardian of C.M.,

     Plaintiff,

v.                            Case No. 1:22-cv-1280-MLB

BRAND 44 TRADING, LLC,
d/b/a b4 ADVENTURE, and
SAM'S WEST, INC., d/b/a
BUFORD SAM'S CLUB,

     Defendants.

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

---

**COMES NOW**, Plaintiff, Ashley Mahoney, in her capacity as Parent and

Legal Guardian of C.M., to sue Defendants, Brand 44 Trading, LLC, doing business

as b4Adventure ("b4Adventure"), and Sam's West, Inc., doing business as Buford

Sam's Club ("Sam's Club"), for the claims stated herein. In support thereof, Plaintiff

states:

### SUMMARY OF THE ACTION

Plaintiff brings this civil action, as parent, legal guardian, and next friend of

her minor daughter C.M., to recover for the severe and permanent injuries C.M.

suffered from a fall caused by a defective and unreasonably dangerous Playzone-Fit

1

S.A.33

kidtrix™ Doorway Swing (the "Subject Swing"). C.M. sustained severe injuries to her back, neck, and spine from the crash, including multiple fractured vertebrae. Plaintiff sues Defendants for their role in designing, manufacturing, assembling, producing, and distributing the Subject Swing in a defective, unmerchantable, and unsuitable condition without adequate warning or instruction, which caused C.M.'s injuries.

## THE PARTIES, JURISDICTION & VENUE

1.     Plaintiff, Ashley Mahoney, Parent and Legal Guardian of C.M., is a Georgia citizen, resident, and domiciled in Forsyth County, Georgia. Ms. Mahoney is authorized to bring the claims alleged in this Complaint on behalf of C.M.

2.     Minor C.M. is a Georgia citizen, resident, and is domiciled in Forsyth County, Georgia.

3.     The amount in controversy is in excess of $75,000.01 exclusive of fees and costs.

4.     Defendant b4Adventure is a Colorado LLC whose members are all citizens and domiciliary of Colorado.

5.     b4Adventure submitted itself to the jurisdiction of this Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

      a.     Committing a tortious act within this state by selling and delivering defective products, including the Subject Swing

S.A.34

and similar products, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such swings were used by consumers in Georgia in the ordinary course of commerce and trade;

b.   Conducting and engaging in substantial business and other activities in Georgia by selling and distributing products, including the Subject Swing, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such swings were used by consumers in Georgia in the ordinary course of commerce and trade;

c.   The acts or omissions of b4Adventure caused injuries to persons, including C.M., in Georgia. At or about the time of said injuries, b4Adventure engaged in solicitation activities in Georgia to purposefully promote the sale, consumption, and use of b4Adventure products, including the Subject Swing which is the subject of this Complaint;

d.   Selling consumer products and toys, including the Subject Swing, with knowledge or reason to foresee that their products would be shipped in interstate commerce and would reach the market of Georgia users or consumers;

e.   Harbor Freight is subject to the Georgia long-arm statute by doing business in Georgia and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Georgia;

f.   The claims against b4Adventure are linked, related, and/or arise out of b4Adventure's conduct directed toward Georgia;

g.   Elements of the tort occurred in Georgia. Specifically, C.M. was using the Subject Swing when she was injured in Georgia;

h.   b4Adventure has purposefully availed itself of the Georgia market;

S.A.35

i.  b4Adventure's contacts with Georgia principally relate to the sale of consumer products and toys and all of the conduct associated with such product sales and this civil action is related to and connected with the sale of its products;

j.  Due process and fair play and substantial justice are honored by this civil action going forward in this Georgia Court;

k.  There is little or no burden on b4Adventure litigating this case in this Georgia Court;

l.  It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum;

m.  Georgia has an interest in overseeing this litigation which involves injuries to a Georgia resident and tortious transactions which occurred in Georgia and defective products sold in Georgia;

n.  Public policy favors resolution of this dispute in this Georgia Court;

o.  b4Adventure's conduct and connection with Georgia are such that b4Adventure should reasonably anticipate being hauled into court in Georgia.

6.  b4Adventure cannot deny personal jurisdiction in this Court for the following:

a.  b4Adventure placed the Subject Swing into the stream of commerce under circumstances such that b4Adventure should reasonably anticipate being haled into court in Georgia;

b.  b4Adventure has a regular plan for the distribution of its new and used products within Georgia with the goal of

4

achieving a commercial benefit from the sale of those products in Georgia;

c.  b4Adventure places its products into the stream of commerce by targeting Georgia—under circumstances that it could or should reasonably anticipate being haled into courts in Georgia—through a comprehensive distribution network that includes major retailers, such as Sam's Club and Amazon.com.  In doing so, b4Adventure developed a market in Georgia for its swing products.

d.  b4Adventure has contracts with retail distributors in Georgia where b4Adventure contractually promises to come into courts in Georgia to defend claims arising from the failure of b4Adventure products that injure Georgia residents, like C.M.;

e.  b4Adventure operates interactive websites through which it markets, promotes, sells, and warrants its products to consumers in Georgia;

f.  b4Adventure oversees its product warranty process within Georgia;

g.  b4Adventure has clients in Georgia;

h.  b4Adventure spends thousands of dollars per year marketing its products in Georgia.  In doing so, b4Adventure developed a market in Georgia for its products;

i.  b4Adventure has purposefully availed itself of the privileges and benefits of conducting activities within Georgia;

j.  b4Adventure holds patents and trademarks which it demands must be honored in Georgia;

k.  b4Adventure engages in national marketing of its products that pervades into Georgia;

5

l.      b4Adventure targets marketing specific to Georgia;

m.      Plaintiff's claims are connected with or relate to b4Adventure's contacts with Georgia.

7.      Therefore, the Court is authorized to exercise personal jurisdiction over b4Adventure.

8.      Defendant Sam's Club is an Arkansas corporation with its principal place of business in Arkansas.

9.      Defendant Sam's Club is registered to do business in the State of Georgia and may be served with process by serving its registered agent, The Corporation Company (FL), 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia, 30040.

10.     Sam's Club is subject to personal jurisdiction in this Court under O.C.G.A. §§ 9-10-91, 14-2-1501, 14-2-1505 and *Allstate Ins. Co. v. Klein*, 262 Ga. 599 (1992) and its progeny, because it is registered to do business in Georgia and is therefore a resident of Georgia.

11.     In the alternative, Sam's Club is subject to the jurisdiction of this Court pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91, because it transacts business within the state of Georgia; has a registered agent in the State of Georgia, specifically Forsyth County; caused injury to persons or property within the state of Georgia; manufactures, processes, or services products or materials that are used in

S.A.38

the state of Georgia in the ordinary course of commerce, trade, or use; and engages in substantial and not isolated activity within the state of Georgia.

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

13.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## **CONDITIONS PRECEDENT**

14.     All conditions precedent have been satisfied or excused.


## **FACTS**

## **Background on Express Product Warranty Provided by Brand 44 Trading, LLC**

15.     Defendant Brand 44 Trading, LLC (b4Adventure), is in the business of and derives substantial profit from the sale of products in the sporting goods, hobby, and toy sectors, including the Subject Swing.

16.      The Doorway Swing's packaging, instructions, and labels refer to a website operated by b4 Adventure: www.playzonefit.com.

17.     When the www.playzonefit.com webpage is accessed, the visitor is redirected to b4adventure.com/pages/playzonefit.

7

18.    The    b4adventure.com/pages/playzonefit    webpage    indicates    that Playzone-fit is part of the b4Adventure family of brands, which "includes Slackers, American Ninja Warrior, Playzone-fit and 4Fun."

19.    Several of b4Adventure's "Top Products" are featured, including the Playzone-fit kidtrix™ Doorway Swing, along with a reference that the swing is a "parent tested, parent approved" product winner as declared by www.ptpa.com.



20.    Upon clicking the link for the swing depicted above, the visitor is brought to a b4Adventure sales listing webpage dedicated to the Subject Swing (https://b4adventure.com/products/playzone-fit-kidtrix-indoor-swing?variant=35678458413219).

21.    Near the top of the webpage for the Playzone-fit kidtrix Doorway Swing, there is an "FAQs" link.

8



22.    The FAQs link from the Subject Swing's listing page redirects to another b4Adventure webpage (https://b4adventure.com/pages/faq), which states that b4Adventure's products "come with a 1 year workmanship warranty."

23.    Plaintiff provided b4Adventure notice of breach of this express warranty on February 11, 2022. Such notice is attached hereto as **EXHIBIT 1**.

## The Incident

24.    On October 31, 2021, Blake Winslett (C.M.'s father and Plaintiff Ashley Mahoney's partner) purchased the Subject Swing from Sam's Club's retail location in Buford, Georgia.

25.    The Subject Swing was purchased as a Christmas present for C.M.

26.     C.M. was thrilled to receive the Subject Swing for Christmas, and Mr. Winslett and Ms. Mahoney installed the Subject Swing according to the instructions provided in or about the first week of January 2022.

27.     C.M. was the appropriate age and weighed considerably less than the 150-pound weight limit provided in the instructions for the Subject Swing.

28.     C.M. used the Subject Swing off and on after her parents installed it in their house.

29.     On January 25, 2022, after less than a month of use, C.M. was using the Subject Swing as she normally did, swinging in the doorway of her mother's bathroom. At the time, Ms. Mahoney was keeping an eye on C.M. while she prepared for the day.

30.     C.M. was swinging in a moderate fashion when, suddenly and without warning, the stitching connecting the Subject Swing's seat to the straps failed and came apart, causing C.M. to crash to the floor.

31.     C.M. landed squarely on her spine, resulting in severe and permanent injuries to her back, neck, and spine, including multiple fractured vertebrae.

32.     Upon investigation, it was discovered that the Subject Swing was defective in its manufacture, design, and warning.

CLAIMS FOR RELIEF

## COUNT I – STRICT PRODUCTS LIABILITY
### (Plaintiff v. Brand 44 Trading, LLC)

33.     Plaintiff re-alleges and incorporates Paragraphs 1 through 32 of this Complaint as if fully stated herein.

34.     Defendant b4Adventure at all times material hereto, was engaged in the business of designing, manufacturing, assembling, testing, marketing, promoting, advertising, distributing, and selling toys such as the Subject Swing to the public.

35.     b4Adventure is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by C.M. Defendant b4Adventure was, at all times relevant to this action, the manufacturer of a product that was unreasonably and dangerously defective in its design, manufacture, and as marketed.

36.     b4Adventure has input and is actively involved in the conception, design, and specification of the Subject Swing.

37.     b4Adventure, as the maker of the Subject Swing who placed such swing into the marketplace to be distributed and sold in a defective and unreasonably dangerous condition, is strictly liable for the physical harm caused by the Subject Swing's failure, when, upon using the Subject Swing in a normal and foreseeable fashion, the stitching connecting the swing to the support straps catastrophically failed, injuring C.M. on January 25, 2022.

38.     Defendant b4Adventure expected the Subject Swing to reach the user

11

S.A.43

or consumer without substantial change in the condition in which it was sold.

39.    Defendant b4Adventure placed the Subject Swing on the market with knowledge that it would be used without inspection for defects and dangers. b4Adventure knew, or should have known, that ultimate users would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

40.    The inherently and unreasonably defective and dangerous condition of the Subject Swing is a condition that was not readily apparent to Plaintiff, C.M., or similarly situated users, consumers and owners, who could foreseeably be seriously injured by said swing when used as intended.

41.    b4Adventure failed to provide notice of the defective and unreasonably dangerous condition of the Subject Swing to Plaintiff or C.M.

42.    Plaintiff and C.M. therefore did not know of the dangerous condition of the Subject Swing at the time of the incident. Had Plaintiff or C.M. been informed before using the Subject Swing of the swing's defective condition, C.M. would not have swung on the Subject Swing and, accordingly, she would not have been exposed to said defective and unreasonably dangerous condition.

43.    The Subject Swing was defective and unreasonably dangerous to ultimate users and consumers, including C.M., when designed, manufactured,

S.A.44

assembled, distributed, and sold by b4Adventure. The defects in the Subject Swing

include, but are not limited to:

a.  The Subject Swing did not perform as safely as an ordinary consumer
    would expect when used as intended;

b.  The Subject Swing had an unreasonably dangerous propensity to come
    apart and separate during normal use, causing users to crash to the
    ground;

c.  The Subject Swing was unreasonably dangerous because of its design
    in that it failed to perform as safely as an ordinary consumer would
    expect when used in a manner reasonably foreseeable to b4Adventure,
    in that the components suffer from a dangerous propensity to separate
    or fail during use;

d.  The Subject Swing was unreasonably dangerous because of its design
    in that the risk of danger in the design outweighed the benefits when
    used as intended, in that the swing has an unreasonably strong risk of
    separating into pieces during normal use causing injury to a rider, which
    greatly outweighs the benefits of the swing;

e.  The Subject Swing was unreasonably dangerous and defective because
    it was not produced in accordance with available alternative designs
    that were safer, feasible, and technically practicable; it was not state of
    the art and was not designed and manufactured to the level of technical
    knowledge that existed when it was made; and, it was made in such a
    way that it posed a risk of danger to users like C.M., that outweighed
    the benefits of the Subject Swing as designed and manufactured;

f.  The Subject Swing was unreasonably dangerous as manufactured as it
    did not conform to its intended design and perform as safely as the
    intended design would have performed, in that the swing separated into
    pieces during normal use, resulting in a crash all but certain to cause
    severe injury to users, like C.M.; and

g.  The Subject Swing was unreasonably dangerous and defective due to
    b4Adventure's failure to provide adequate warnings of the risks
    addressed herein that were known or knowable to b4Adventure in light
    of the generally recognized and prevailing best scientific knowledge

S.A.45

available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

44.    For the reasons set forth above, the Subject Swing was unreasonably dangerous to foreseeable users, including Plaintiff, who used the Subject Swing in an ordinary and foreseeable manner.

45.    The defects described above directly and proximately caused the injuries sustained by Plaintiff in this foreseeable crash, in that they directly and in natural and continuous sequence produced or contributed substantially to Plaintiff's injuries.

**WHEREFORE**, Plaintiff, Ashley Mahoney, as next friend of C.M., demands judgment against Defendant Brand 44 Trading, LLC, for all injuries and damages sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II – NEGLIGENT PRODUCTS LIABILITY
### (Plaintiff v. Brand 44 Trading, LLC)

46.    Plaintiff re-alleges and incorporates Paragraphs 1 through 32 of this Complaint as if fully stated herein.

47.    At all times relevant herein, b4Adventure designed, selected, inspected,

S.A.46

tested, assembled, equipped, marketed, distributed, and sold the Subject Swing and its components. Defendant knew or should have known of the Subject Swing's dangerous condition wherein its components separate during normal use, resulting in a crash reasonably likely to injure users, like C.M.

48.     At all times relevant herein, Defendant designed the Subject Swing and owed Plaintiff and C.M. a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Subject Swing and its components, so that it would operate safely under foreseeable conditions in the environment of its expected use.

49.     At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by Defendant b4Adventure, the Subject Swing is and was defective, unreasonably dangerous, and unsafe for foreseeable users because it was inadequately designed and constructed, and failed to provide the degree of safety a reasonable consumer would expect during foreseeable use.

50.     At all times relevant herein, Defendant b4Adventure would have had and had no reason to believe that users would realize this potential danger.

51.     At all times relevant herein, Defendant b4Adventure was, willful, wanton, reckless, and careless and breached its duties of care owed to Plaintiff by:

> a. failing to adopt and implement safety hierarchy procedures and policies;

S.A.47

b.  failing to design, test, and assemble the Subject Swing so as to prevent its components from tearing apart during normal use, resulting in a crash reasonably likely to injure users;

c.  failing to design, test, assemble, and sell the Subject Swing so that it would adequately perform its function while being used in a normal and foreseeable fashion;

d.  failing to exercise reasonable care in the design of the Subject Swing;

e.  failing to exercise reasonable care in the testing of the Subject Swing;

f.  failing to exercise reasonable care in the inspection of the Subject Swing;

g.  failing to adopt and implement adequate warnings regarding the Subject Swing;

h.  failing to exercise reasonable care to inform users of the Subject Swing's dangerous condition;

i.  failing to incorporate appropriate quality assurance procedures in design of the Subject Swing; and

j.  on such other and further particulars as the evidence may show.

52.   As a direct and proximate result of Defendant b4Adventure's negligence and the breaches complained herein, C.M. has suffered serious and permanent injuries from the crash.

**WHEREFORE**, Plaintiff, Ashley Mahoney, as next friend of C.M., demands judgment against Defendant, Brand 44 Trading, LLC, for all injuries and damages sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain

S.A.48

and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Plaintiff v. Brand 44 Trading, LLC)

53.    Plaintiff re-alleges, adopts, and incorporates Paragraphs 1 through 32 of this Complaint as if fully stated herein.

54.    Privity of contract exists between Plaintiff and b4Adventure for the Subject Swing because b4Adventure extended Blake Winslett[1] an express warranty as shown *supra*.

55.    At the time b4Adventure sold the Subject Swing to Blake Winslett, the swing was not merchantable.

56.    Defendant b4Adventure thereby breached the implied warranty of merchantability.

57.    Defendant b4Adventure's breach of the implied warrant of merchantability actually and proximately caused C.M.'s injuries and damages.

58.    On February 10, 2022, Plaintiff, provided express notice to b4Adventure of b4Adventure's breach of the implied warranty of merchantability. *See* **EXHIBIT A to EXHIBIT 1**.

---

[1] Georgia law extends horizontal privity to C.M. because he is a natural person who is in the family or household of the buyer and it is reasonable to expect C.M. may use, consume, or be affected by the Subject Swing. O.C.G.A. § 11-2-318.

S.A.49

**WHEREFORE**, Plaintiff, Ashley Mahoney, as next friend of C.M., demands judgment against Defendant, Brand 44 Trading, LLC, for all injuries and damages sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Plaintiff v. Sam's West, Inc.)

59. Plaintiff re-alleges, adopts, and incorporates Paragraphs 1 through 12 and 21 through 32 of this Complaint as if fully stated herein.

60. Plaintiff purchased the Subject Swing directly from Defendant Sam's West, Inc.

61. At the time Sam's West, Inc., sold the Subject Swing to Blake Winslett, the swing was not merchantable.

62. Defendant Sam's West, Inc., thereby breached the implied warranty of merchantability.

63. Defendant Sam's West, Inc.'s breach of the implied warrant of merchantability actually and proximately caused C.M.'s injuries and damages.

64. On February 10, 2022, Plaintiff, provided express notice to Sam's

S.A.50

West, Inc., of its breach of the implied warranty of merchantability. *See* **EXHIBIT A to EXHIBIT 1**.

**WHEREFORE**, Plaintiff, Ashley Mahoney, as next friend of C.M., demands judgment against Defendant, Sam's West, Inc., for all injuries and damages sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

 a. That the Court issue service of process to Defendants Brand 44 Trading, LLC, and Sam's West, Inc., as authorized by law;

 b. The Defendants be served with a copy of Plaintiff's Complaint for Damages and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

 c. That Plaintiff be granted a trial by jury in this matter;

 d. That Plaintiff recover from Defendants for all damages, economic and non-economic, tangible and intangible, general and special, as allowed by Georgia law and set forth above;

S.A.51

e.  That all costs be taxed against Defendants;

f.  That the Court award such other and further relief, as it shall deem

just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:                                            Respectfully submitted,

MORGAN & MORGAN, P.A.

*/s/Robert A. DeMetz*
ROBERT A. DEMETZ
GBN: 215070
408 12th Street, Suite 200
Columbus, GA 31901
rdemetz@forthepeople.com
P: (706) 324-1227
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2022, I served a true and correct copy of

the foregoing by electronic mail to counsel for Defendants:

Fredrick Newman Sager, Jr.: rsager@wwhgd.com; kteter@wwhgd.com

George Burr Green, Jr.: ggreen@wwhgd.com; hjohnson@wwhgd.com

Leslie     Page     Becknell:     lbecknell@deflaw.com;     blountt@deflaw.com;

edwardsk@deflaw.com; singletont@deflaw.com

Steven Chambless Ouzts: souzts@deflaw.com; slewis@deflaw.com

20

S.A.52

/s/Robert A. DeMetz
ROBERT A. DEMETZ
GBN: 215070
408 12th Street, Suite 200
Columbus, GA 31901
rdemetz@forthepeople.com
P: (706) 324-1227
*Attorney for Plaintiff*

S.A.53

## Joshua Jacobson x5481

| | |
|---|---|
| **From:** | Joshua Jacobson x5481 |
| **Sent:** | Friday, February 11, 2022 9:49 AM |
| **To:** | Info@b4adventure.com |
| **Subject:** | Notice of Breach of Express and Implied Warranties |
| **Attachments:** | Breach of Warranty - Statutory Notification 6.pdf |

Good morning:

Please find the attached notice of breach of express and implied warranties, which was mailed out yesterday. Notice is hereby also given of breach of the express warranties provided with the subject Playzone-Fit Doorway Swing pursuant to the terms stated on Brand 44 Trading, LLC's website, https://b4adventure.com/pages/faq.

Pictures and proof of purchase are attached hereto. If you have any questions, please let me know.

Respectfully,
Josh

 

# EXHIBIT 1

1

S.A.54





2

**Joshua Jacobson**
Attorney

**P:** (407) 236-5703
**F:** (407) 974-2142
**A:** 20 N Orange Ave, Suite 1600, Orlando, FL 32801

**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS |

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

S.A.56

# MORGAN & MORGAN®

--- *Attorneys At Law* ---

20 N. ORANGE AVENUE, 16TH FLOOR
POST OFFICE BOX 4979
ORLANDO, FL 32802-4979
(407) 420-6694
FAX (407) 245-3408

February 10, 2022

VIA CERTIFIED MAIL
7020 1810 0000 2735 9869

Brand 44 Trading, LLC
Attn: Claims/Legal Department
c/o Registered Agent, Edward T. O'Brien
4010 Holly St., Unit 16
Denver, CO 80216

Sam's West, Inc.
Attn: Claims/Legal Department
c/o Registered Agent, The Corporation Company (FL)
106 Colony Park Drive Ste. 800-B
Cumming, GA 30040

RE:    Ashley Mahoney v. Brand 44 Trading, LLC, and Sam's West, Inc.
       Notice of Breach of Warranties

Dear Sir or Madam:

Our firm has the privilege of representing Ashley Mahoney, in her capacity as Parent and Legal Guardian of C.M., for the severe injuries C.M. suffered from a defective Playzone-Fit kidtrix™ Doorway Swing (the "Subject Swing"). Ms. Mahoney purchased the Subject Swing from the Sam's Club store in Buford, Georgia (owned and operated by Sam's West, Inc.), on October 31, 2021. On January 25, 2022, C.M. was using the swing in a normal and foreseeable manner when, suddenly and without warning, the stitching connecting the Subject Swing's seat to the straps failed and came apart, causing C.M. to crash to the floor, resulting in severe and permanent injuries, including fractures to multiple vertebrae. At the time of the incident, C.M. was five years old and weighed well under the product's 150-lb weight limit.

Please allow this correspondence to serve as express notice pursuant to sections 11-2-607 and 11-2-714, Georgia Code Annotated, that C.M.'s injuries were caused by Brand 44 Trading, LLC's and Sam's West, Inc.'s breaches of the implied warranties of merchantability and of fitness for a particular purpose and that Ms. Mahoney demands cure for the same.

Thank you for your prompt attention to this matter.

# EXHIBIT A to EXHIBIT 1

Sincerely,

Joshua R. Jacobson
jjacobson@forthepeople.com
407-236-5703



■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery

1. Article Addressed to:

Brand 44 Trading, LLC
attN: Claims / Legal Department
C/o Registered agent Eduard T. O'Brien
4010 Holly St., UNit 116
Denver, CO 80216

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

9590 9402 6401 0303 5488 46

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7020 1810 0000 2735 9869

PS Form 3811, July 2020 PSN 7530-02-000-9053
Domestic Return Receipt



20 North Orange Ave.
16th Floor
Orlando, FL 32801

Brand 44 Trading, LLC
Attn:Claims/Legal Department
c/o Registered Agent, Edward T. O'Brien
4010 Holly St., Unit 16Denver, CO 80216

S.A.59

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2024, I caused the foregoing Supplemental

Appendix of Appellee OpenAI, L.L.C. to be filed using the CM/ECF system, which

constitutes service on all attorneys registered to use that system pursuant to 11th Cir.

R. 25-3(a).

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
