# Docket No. 23-13843-H

**The United States
Court of Appeals
For
The Eleventh Circuit**

---

**Mark Walters, Appellant**

**v.**

**OpenAI, L.L.C., Appellee**

---

**Appeal from the United States District Court
For
The Northern District of Georgia
The Hon. Michael L. Brown, District Judge**

---

**Reply Brief of Appellant**

---

John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
jrm@johnmonroelaw.com
(678) 362-7650
Attorney for Appellant

## Table of Contents

## Contents

*Table of Contents* ...........................................................................................................................*2*
*Table of Citations* ...........................................................................................................................*3*
*Argument and Citations of Authority* .........................................................................................*4*
**Conclusion**......................................................................................................................................5
**Certificate of Compliance** ............................................................................................................6
**Certificate of Service** ....................................................................................................................7

# Table of Citations

**Cases**
*Danley v. Allen,* **480 f.3d 1090, 1092 (11th Cir. 2007)** ............................................................................................... 4

**Statutes**
**28 U.S.C. § 1447(c)** ............................................................................................................................................. 4

**Argument and Citations of Authority**

Appellee Open AI, LLC ("OAI") argues that Appellant Mark Walters ("Walters") has not pointed to a case where this Court remanded a denial of fees under 28 U.S.C. § 1447(c) with instructions to provide an explanation. This is true, but OAI fails to explain why *other* cases where the use of discretion is not explained by the district court cannot be applied here. For example, in *Danley v. Allen,* 480 f.3d 1090, 1092 (11th Cir. 2007), this Court said, "Many times, and in many contexts, this Court has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review." OAI counters that the *Danley* "decision was expressly limited to the facts and circumstances of that case…." Brief at 16. Of course, every case is decided on the then-present facts and circumstances.

But this Court said, "many times, and in many contexts." OAI argues that it is obvious this Court did not mean for this concept to apply in the present context. OAI does not cite a case where a defendant removed a case to federal court based on diversity jurisdiction and then *refused* to provide the court with the information necessary to demonstrate its citizenship. That's because a defendant removing a case based on diversity jurisdiction knows at the outset that it must prove diversity. In this regard, Walter's theory is, as OAI suggests,

4

"novel." Brief, p. 15. But it is only novel because OAI's litigation tactic, of removing a case hoping the district court would not investigate its own jurisdiction, was itself novel. What is not novel is having to apply established legal principles to new fact patterns – courts do that all the time.

Here, we have a principle this Court applies "many times and in many contexts" – that this Court remands cases to district courts when district courts do not provide reasoning for their decisions. Contrary to OAI's contention, Walters' application of this broad principle to the present this case is not "incredibl[e]" (Brief, p. 15). It is perfectly reasonable to believe this Court would apply this broad principle to the facts of this case.

## Conclusion

The order of the district court denying Walters' motion for costs and fees should be vacated and the case remanded for an explanation of the district court's decision.

/s/ John R. Monroe
JOHN R. MONROE
John Monroe Law, P.C.
jrm@johnmonroelaw.com

156 Robert Jones Road
Dawsonville, GA 30534
Telephone: (678) 362-7650

## Certificate of Compliance

I certify that this Brief of Appellant complies with F.R.A.P. 32(a)(7)(B) length limitations, and that this Reply Brief of Appellants contains 642 words as determined by the word processing system used to create this ReplyBrief of Appellant.

      /s/ John R. Monroe
John R. Monroe
Attorney for Appellant
156 Robert Jones Road
Dawsonville, Ga 30534
State Bar No. 516193
678-362-7650

Certificate of Compliance

## Certificate of Service

I certify that I served a copy of the foregoing ReplyBrief of Appellant via all counsel of record via the Court's ECF system.

      /s/ John R. Monroe
John R. Monroe
Attorney for Appellants
156 Robert Jones Road
Dawsonville, GA  30534
State Bar No. 516193
678-362-7650